## BRISCOE *v.* BUZBEE *et al.*

(Division B.  Sept. 26, 1932.  Suggestion of Error Overruled, October 24, 1932.)

[143 So. 407.  No. 30195.]

(Division B.   Oct. 24, 1932.)

[143 So. 887.   No. 30195.]

For former opinion, see 143 So. 407.

**Smith & Smith** and **Lester Fant, Sr. & Jr.**, all of Holly Springs, for appellant.

Hindman **Doxey**, of Holly Springs, for appellees.

Taylor H. McElroy, of Oxford, for appellees.

Argued orally by **Lester Fant, Jr.**, and **L. A. Smith, Sr.**, for appellant, and by **Hindman Doxey** and **Taylor McElroy**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The question in this case is whether the superintendent of a five-trustee consolidated school may be employed under a valid contract for three years. Appellant, the former superintendent, contends for the affirmative of this issue and relies principally on sections 6648 and 6665, Code 1930. The first of these sections provides as its concluding sentence that ''consolidated schools shall have all the privileges granted to separate school districts.'' Under the second section, above mentioned, it is enacted that the trustees of separate school districts shall have, among many others, the following powers and duties: ''(10) To contract with superintendents, principals and teachers, for a term of . . . three years. . . .'' It is therefore argued that the word ''privileges'' as used in the first of the quoted statutes is synonymous with powers and duties in the other.

Appellees contend that a consolidated school is simply a common school where two or more existing schools of that character have been consolidated into a single common school, citing Walton v. Covington County, 115 Miss. 117, 75 So. 833; Rice v. Gong Lum, 139 Miss. 761, 104 So. 105,' and that in consequence teachers can be elected only for the ensuing year. They call attention to the fact that the three-trustee consolidated school district has the same privileges as a five-trustee school, and that, if the three-trustee consolidated school could elect a superintendent for three years, the term would extend beyond that of the majority of the trustees in service at the time of the election.

We have carefully considered all the statutes cited to us by counsel and have reviewed the entire chapter on schools. No section definitely deals with the subject here in hand, and we must pronounce the question, like so many others in respect to the details of school administration, as doubtful. In such a case we will follow the interpretation adopted by the attorney-general, and generally observed by the department of education in accordance with his opinions. Peets v. Martin, 135 Miss. 720, 101 So. 78. Turning to the opinions of the attorney-general, 1919-21, p. 154, we find a ruling that employments of the teaching force in consolidated schools cannot be made for a term of years, and the same opinion was adhered to by the attorney-general on March 11, 1929.

Where the construction of a statute is doubtful, the interpretation placed thereon and followed for a considerable course of time by the administrative departments should be followed.

Affirmed.

On Suggestion of Error.

**Ethridge, P. J.,** delivered the opinion of the court on suggestion of error.

It is insisted in the suggestion of error that we erred in our former holding, and that we were led into resting our decision of the case upon a matter of fact which was not in the record; and it is urged that there is nothing in the record to show what contemporary construction or practice had been placed upon the statutes involved, and that counsel did not have a chance to meet such theory of the case.

Contemporary construction as a rule of construing statutes is as old as the common law, and has, throughout the history of the state, been recognized as the proper course in doubtful cases. 25 Mississippi and Southern Digest, Annotated, title "Statutes," 218; Chrisman v. City of Brookhaven, 70 Miss. 477, 12 So. 458; Town of Wesson v. Collins, 72 Miss. 844, 18 So. 360, 917. Black's Interpretation of Law (2 Ed.), p. 289.

The briefs in the case cited the opinion of the attorney-general referred to in the opinion, and this court, in the case of Peets v. Martin, 135 Miss. 720, 101 So. 78, announced the rule and cited opinions from the attorney-general's office. The court takes judicial knowledge of all holdings of the attorney-general's office, and the rules of practice of the state departments of government. The attorney-general is required by the law to give his legal opinion to the head of every department of government on request, and to other officers, including the Legislature, and is required to make a biennial report to the Legislature and to keep copies of his official opinions.

The court will take such judicial notice and resort to every proper method of ascertaining from the departments whatever it is required judicially to know, but does not actually know. This is fully discussed in Witherspoon v. West, 138 Miss. 310, 103 So. 134. See, also, Vicksburg Waterworks Company v. Guffy Petroleum Co., 86 Miss. 60, 38 So. 302; Adams v. Standard Oil Company, 97 Miss. 879, 53 So. 692.

·Suggestion of error overruled.