MARTIN *et al. v.* BOARD OF SUPERVISORS OF WINSTON COUNTY.

(Division B. Jan. 24, 1938. Suggestion of Error Overruled March 7, 1938.)

[178 So. 315. No. 32966.]

364

Z. A. Brantley, of Louisville, and L. F. Easterling, of Jackson, for appellant.

W. A. Strong, Jr., of Louisville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This cause is appealed from a judgment of the circuit court of Winston county, affirming the action of the Board of Supervisors of that county on a petition to prohibit the sale of beer and wine in the county, and the vote of the people to prohibit such sale. Petitions containing the same wording were circulated and signed by the voters of the county, and treated as one petition, reading as follows: ''We, the undersigned, constituting twenty per cent, or more, of the qualified electors of Winston county, Mississippi, do hereby respectfully petition your Honorable Board to order an election, as pro-

vided by House Bill No. 26 of the acts of the legislature .of 1934, chapter 171 at the earliest possible time, first giving all notices required by law, for the purpose of submitting to the qualified electors of Winston county the question of whether the manufacture, storage, transportation, sale, distribution or receipt of beer and wine shall be permitted or excluded from Winston county, Mississippi, as is provided by said House Bill No. 26.''

This petition was filed with the board, and at its meeting on the first day of March, 1937, an order was entered on the minutes of the board in the following words and figures: ''At a regular meeting of the Board of Supervisors of Winston county, Mississippi, begun and held in the courthouse in the city of Louisville, Mississippi, on the first Monday in March, A. D., 1937 the same being the first day of March, the following proceedings were had and done, to wit: An order ordering an election to be held to determine whether a majority of the qualified electors of Winston county shall vote for or against the manufacture, storage, transportation, sale, distribution or receipt of beer and wine in Winston County: Whereas, a petition was filed with this board on the first day of March, 1937, asking this board to order an election as provided by House Bill No. 26 of the acts of the legislature of 1934 at the earliest possible time, first giving all notices required by law for the purpose of submitting to the qualified electors of Winston county the question of whether the manufacture, storage, transportation, sale, distribution or receipt of beer and wine shall be permitted or excluded from Winston County, Mississippi, as provided by said House Bill No. 26; and Whereas, this board has examined the petition and it appearing that the petition is signed by twenty per centum or more of the duly qualified electors of Winston county. It is, therefore, hereby ordered that the said petition is properly signed by twenty per centum or more of the qualified electors of said county. It is further ordered and

adjudged that an election shall be held in all of the voting precincts of Winston county on the 20th day of April, 1937, as provided by law and at such election the matter shall be submitted to the qualified electors of Winston (county) of whether the manufacture, storage, transportation, sale, distribution, or receipt of beer and wine shall be permitted or excluded from Winston county, Mississippi, as is provided by said House Bill No. 26. It is further ordered that the clerk of this board shall publish notice of such election as provided by law for at least thirty days before April 20th, 1937, which notice shall give to the qualified electors of said county ample notice of said election.. It is further ordered that the election commissioners shall have proper and suitable ballots prepared and shall do and perform all things necessary in the calling and holding of said election to make it a legal and valid election. Upon motion duly made and seconded the above order was unanimously adopted on this the 4th day of March, 1937. (Signed) Claude Richardson, President of the Board of Supervisors of Winston County, Mississippi. Present, Claude Richardson, President of the Board of Supervisors, and S. O. Clay, B. M. McCully, E. H. Boswell, W. E. Woodward and P. B. Dallis, Clerk, and E. E. White, Sheriff. Adjourned the fourth day of March, 1937.''

On this order the clerk of the Board of Supervisors made publication, or handed it to the Winston County Journal for publication, as provided in section 310, Code of 1930. When the notice was published, beginning with the issue of the paper dated March 12, 1937, and in the issues of March 19, March 26, April 2, April 9, and April 16 of that year, said publication, being duly proved, was filed with the Board of Supervisors. The Election Commissioners, in accordance with the orders of the board, provided registration books and poll books, and appointed managers for the election at the several precincts;

and the election was duly held at each of the precincts, with the exception of four, in which no election was held. The Election Commissioners certified to the Board of Supervisors the result of the election, and the board, at its May, 1937, meeting, entered an order upon its minutes. This order recited that at the meeting there came before the Board of Supervisors at its regular May meeting the matter of considering and passing on the necessary order regarding the election held in Winston county on the 20th day of April, 1937—which order recited that the election was held pursuant to section 2, chapter 171, Laws of 1934, which is House Bill No. 26 referred to in the petition—and the board adjudicated that an election was held in the county to determine whether or not the transportation, storage, sale, distribution, receipt, and/or manufacture of wine or beer should be excluded from Winston county. The order further recited that the election to determine this question was properly submitted to the duly qualified electors of the county according to said law, and other laws of the state, and that in the election the majority of the qualified voters voted for the exclusion of wine and beer from Winston county. It further recited that the election was legal, notice having been given as required by law, published in the Winston County Journal, as shown by proof of publication on file; and set out on the minutes of the board are the notice of election and proof of publication, as follows:

"Notice of Election.

"Notice is hereby given that on the 20th day of April, 1937, an election will be held in all of the voting precincts of Winston county, Mississippi, within legal hours for the purpose of submitting to the qualified electors of Winston county whether or not the transportation, storage, sale, distribution, receipt, and/or manufacture of wine and beer shall be permitted in Winston county, Mississippi. This election is called pursuant to a pe-

tition filed and signed by more than 20% of the qualified electors of Winston county, Mississippi, requesting that election be held to determine whether or not said beverages should be excluded from said county and pursuant to an order of the Board of Supervisors, directing that said election be held, which order was adopted on the 4th day of March, 1937, and is recorded in Supervisors' Minutes Book 17, page 175 on file in the office of the Chancery Clerk of Winston county, Mississippi, and said election being authorized by House Bill No. 26 of the Acts of the Legislature of 1934.

"Board of Supervisors of Winston County, Mississippi.

"By Claude Richardson, President of the Board of Supervisors.

"P. B. Dallis, Clerk of the Board of Supervisors.
"Proof of Publication.
"State of Mississippi, Winston County.

"Personally appeared before me, E. E. Reynolds, Circuit Clerk in and for said county and state, W. C. Hight, publisher of a newspaper printed and published in the City of Louisville, County of Winston, State of Mississippi, called the Winston County Journal, who being duly sworn, deposes and says that the publication of a certain 'notice,' a true copy of which is hereunto affixed, has been made in said newspaper for six weeks consecutively, as follows:

"Issue dated March 12th, 1937, Vol. 45, No. 11.
"Issue dated March 19th, 1937, Vol. 45, No. 12.
"Issue dated March 26th, 1937, Vol. 45, No. 13.
"Issue dated April 2nd, 1937, Vol. 45, No. 14.
"Issue dated April 9th, 1937, Vol. 45, No. 15.
"Issue dated April 16th, 1937, Vol. 45, No. 16.
"W. C. Hight, Publisher.

"Given under my hand and seal this the 19th day of April, 1937.
"E. E. Reynolds, Circuit Clerk."

It is further recited in the order that the election officers and commissioners had performed every act necessary to comply with the law; that the Election Commissioners met at the office of the registrar, and carefully revised the registration and poll books for the several election districts five days before the election; and canvassed the returns and certified the result to the proper authorities; and that one of said certificates was then on file in the office of the chancery clerk, recorded in the minute book of the Board of Supervisors. The report set out the result of the election by precincts, giving the number voting for and against the proposition; and set out on the minutes a copy of the ballot, with the report of the Election Commissioners; and recited that it appeared to the satisfaction of the board that the election was fairly and legally conducted, that the will of the electors had been fairly expressed, and that the result of the election should be complied with. The report of the Election Commissioners, as set out on the minutes of the board, shows that 770 voted for, and 210 voted against, the proposition to exclude beer and wine.

The board thereupon entered the order declaring that it shall thereafter be unlawful to transport, store, sell, distribute, receive, and/or manufacture wine and beer in Winston county, Miss.; "provided, however, that nothing in this order shall prohibit the consumer from possessing or the taking into Winston county said wines and beers for his personal consumption or to prohibit any person of the right to make homemade wine for domestic or household use only." The order further recites that the board voted unanimously in favor of said order.

At the May, 1937, meeting of the Board of Supervisors, T. A. McCreary, H. V. McQuine, Luther B. Martin, J. B. Bankston and others filed a bill of exceptions to the action of the Board of Supervisors in ordering the election, and in passing the order prohibiting the sale of beers and wines within the county. They introduced the

clerk of the circuit court and others as witnesses, and sought to show by the clerk that many of the signatures on the petitions were written in the same handwriting, and were not the individual or proper signatures of the persons whose names appeared thereon, contending that the petitions on file show on their face that many of these signatures were in the same handwriting. The clerk testified that if all the signatures which appeared to be in the same handwriting were eliminated from the petitions, there would still be 20 per cent of the qualified electors of Winston county petitioning for the election, and also that many of the signatures were compared by him and the members of the Board of Supervisors with the registration books and sheriff's records, and that the signatures of more than 20 per cent of the qualified electors of the county were on the petitions filed on the first of March. The clerk also testified that if all the voters at the four precincts at which no election was held, who were qualified to vote, had voted in favor of the sale of beer and wine, the result of the election would not have been changed.

It is contended that the petitions for the election as above set out were insufficient to confer jurisdiction on the Board of Supervisors to order the election. There was no bill of exceptions filed at the March term when the petition was filed, and the board entered an order, as shown above, adjudicating the fact that the petition was sufficient and contained the required 20 per cent or more qualified electors of the county. The board having before it a petition which recited that the signatures thereon were those of 20 per cent or more of the qualified electors, and the board having found such to be the fact, as stated in its order, and no appeal or certiorari having been taken from said order at the time, and no challenge being made of the correctness of the petition, and of the finding of the board at the March meeting, the matter was concluded. The proof in the record, made

at the May meeting, shows that there were, in fact, more than 20 per cent of the qualified electors of the county who signed the petition, even eliminating those which appeared to be signed in the same handwriting; and that the precincts at which no election was held would not change the result, even though such precincts voted to retain the sale of beer and wine.

The proof does not show the number of registered and qualified voters on the first day of March, or prior thereto, but the order of the board then entered recited that the petitioners constituted more than 20 per cent of the qualified electors, and there was no showing that this was not a fact. It is argued that the court should take judicial notice of the primary election returns in 1935, and from that determine that the petitioners did not constitute 20 per cent or more of such qualified electors. The Court could not take judicial notice that the persons voting in the primary election of 1935 were qualified electors at that time, nor can it hold that they continued to be qualified thereafter. The primary election returns of 1936 were also referred to in the briefs, as showing only 2,500 voters in the county voting in such election; but we cannot find that such persons, so voting, were qualified electors; nor can we find this from the number of qualified electors in the county. The board was under the duty to see that the petition contained the required 20 per cent or more of signatures, and it did this; and its judgment is binding here, unless proof was made at the time and in the proper manner that such finding by the board was incorrect; there is nothing in the record which would indicate that this finding is not correct; the judgment of the board, being unchallenged at the time in any manner known to the law, must control.

It is urged on this appeal that the clerk of the Board of Supervisors handed the order of the board to hold an election to the printer of the newspaper in which the publication was made, and that the record does not show

that a commission was issued from the board to the Election Commissioners, directing them to hold the election; and contending that the publication should have been made by the Election Commissioners, not by the clerk of the Board of Supervisors, or the Board of Supervisors themselves. The act of the Legislature above referred to, upon which the proceedings were founded, does not itself specify the details of how the election shall be held, but directs it to be in accordance with the election laws of the state. It has heretofore been held the case of Simpson County v. Burkett et al., 178 Miss. 44, 172 So. 329, that the provisions of sections 310 and 311 of the Code of 1930 applied, and are the proper sections governing the publication. It will be seen from this case that the publication under chapter 171, Laws of 1934, is controlled by section 310 of the Code, which reads as follows: ''Unless otherwise specifically required by law, the board of supervisors of any county shall upon the filing of a petition touching any matter affecting the entire county and over which it has jurisdiction, signed by twenty-five per cent. of the qualified electors of the county, either pass an order putting said proposition in force and effect or immediately submit the same to a vote of the qualified electors of the county, after giving thirty days' notice of said election, said notice to contain a statement of the proposition to be voted on at said election. If said election shall result in favor of the proposition petitioned for, the board of supervisors shall pass the necessary order, to put the said proposition in force and effect. In the event the election shall result against the proposition submitted, no other election shall be held on the same, or substantially the same proposition within twelve months of the date of the prior election: Provided that this section shall not apply to the creation of taxing districts.''

Chapter 171, Laws of 1934, provides for 20 per cent instead of 25 per cent of the qualified electors. It will be

noticed from the section above set out that the Board of Supervisors had authority to order and hold this election and to give the notice. However, this would be immaterial under the facts of this case, for the reason that the Election Commissioners proceeded, in conformity with the law, to hold the election and discharge the duty enjoined upon them in that regard. Publication was made in the Winston County Journal for the period required under section 310 of the Code, and the voters had full information of the proposition to be voted upon; and the election was held by and under authority of the regular election officers of the county.

In chapter 171, section 2, Laws of 1934, it is provided further: "That an election to determine whether such transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages shall be excluded from any county in the state, shall on a petition of twenty per centum (20%) of the duly qualified voters of such county, be ordered by the board of supervisors thereof, for such county only; but no election on the question shall be held in any one county oftener than once in two years." It will be noticed from this section that the election is to be ordered by the Board of Supervisors; also, that there is no requirement in this act that the petitioners shall sign the petition, as was required in section 1610, Annotated Code of 1892, bringing forward the act of 1886, under which the case of Ferguson v. Monroe County, 71 Miss. 524, 14 So. 81, was decided. The words in section 1610, "signed by them," were of a mandatory character, and prohibited the signature being made by any other person, as construed by the court; but the present act does not prohibit the voter from authorizing some other person to sign for him. However, this is immaterial in the present case, for if we apply the strict rule announced in the Ferguson Case, supra, and required by section 1610 of the Annotated Code of 1892, the finding of the board concludes the matter, since at that ses-

sion no challenge was made by any of the petitioners or other persons of the correctness of such finding. The only difference between a court of special and limited jurisdiction, and a court of general jurisdiction, is that the facts conferring jurisdiction must be affirmatively found to exist in courts of special and limited jurisdiction, and such facts showing jurisdiction should appear upon the record or minutes, while in a court of general jurisdiction the presumption is that the necessary facts existed where the judgment was rendered. Consequently, when the board finds a jurisdictional fact, such judgment is entitled to the same force and effect as that of a court of general jurisdiction.

Where a petition must be circulated, requiring signatures of a given percentage of the qualified electors before action is taken, the circulation of the petition is usually a matter of notoriety, bringing information to the public of what is proposed to be done, and any person interested may appear before the proper board or body, and make any objection thereto that they may consider proper. In dealing with boards or courts administered by men unlearned in technical requirements, strict construction of their orders should not be had. "The minutes of boards of supervisors reciting their orders and judgments, like those of justices of the peace, will be looked upon with indulgence. Although they may be unskillfully drawn, if by a fair and reasonable interpretation their meaning can be ascertained, they will be sufficient to answer the requirements of law." Noxubee County v. Long, 141 Miss. 72, 106 So. 83, 85. It is necessary for the jurisdictional facts to appear in the record; but the language in which such recitals are made need not be such as a skillful lawyer would use.

We find no error in the orders of the board dealing with this election, in any part of the proceedings, which would render their action void. The appellant attacked the constitutionality of the act here involved, on two

grounds; one, that the Legislature unlawfully delegated legislative power to the people, authorizing them to determine what the law should be in a particular locality, by a vote of the people. It is contended that while the Legislature may fix the conditions under which the law will take effect, it cannot authorize a law, when displaced, to be restored or changed by a vote of the people. It is so well settled in this state that the operation of the law may depend upon the vote of the people, that it would appear unnecessary to further enlarge upon that subject. It was decided in Alcorn v. Hamer, 38 Miss. 652, that the power to enact laws necessarily includes the right of the lawmaking power to prescribe the conditions upon which the law, in a given case, shall come into operation or be defeated; and this contingency may as well be the result in the case of a locality affected by the law, as in any other. The above case was decided in 1859, and has been approved in subsequent cases. See Schulherr v. Bordeaux, 64 Miss. 59, 8 So. 201; Board of Election Commissioners v. Davis, 102 Miss. 497, 59 So. 811; W. S. F. Tatum et al. v. Leon Wheeless et al., Miss., 178 So. 95.

It is also contended that the order of the board prohibiting further sales of wine and beer by the appellants deprived them of their property without due process of law. From an early date in this state it has been the law that where the Legislature can prohibit the sale of a commodity altogether, neither licensing the business for a limited period, nor any mere license, will prevent the repeal of the law; nor will it prevent prohibiting the sale of a commodity within the local territory, although previously licensed. The party taking such license, takes it subject to the police power; and the fact that the appellants, or some of them, may have had a license which had not expired when the order of the board went into effect, did not render the board's action a violation of the constitutional provision as to taking property

388

without due process of law. A license is not a contract, but a mere privilege, revocable whenever public authority, authorized to do so, may exercise that power. 15 R. C. L. 285, 336; 33 C. J. 509, 519; Reed v. Beall, 42 Miss. 472; Coulson v. Harris, 43 Miss. 728; Moore v. State, 48 Miss. 147, 148, 12 Am. Rep. 367.

The other contentions of appellant are without merit, and this opinion will not be prolonged to take notice of the various contentions in this cause.

The judgment of the court below will be affirmed.

Affirmed.