SIDES et al. v. BOARD OF SUP'RS, CHOCTAW COUNTY.

(In Banc. Feb. 24, 1941.)

[200 So. 595. No. 34249.]

**Davis & Hathorn,** of Louisville, for appellants.

**J. P. Coleman**, of Ackerman, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court of Choctaw County affirming an order or judgment of the board of supervisors thereof which had been rendered pursuant to, and in order to carry into effect the result of, an election held under Section 2, Chapter 171, Laws of 1934, to determine whether the transportation, receipt, storage, sale, distribution and manufacture of wine and beer should be discontinued within the county. No one appeared before the board of supervisors to interpose any objection or to assign any reason as to why the judgment complained of should not have been rendered. Nor was there any appeal taken to the circuit court as provided for by Section 61, Code of 1930, so as to embody the facts and decisions of the board in a bill of exceptions, but rather the appellants chose to have the record of the proceedings brought up to the circuit court on certiorari, and to thereby obtain a supersedeas.

It is first contended that the order of the board of supervisors which undertook to adjudicate that more than 20% of the qualified electors of the county had

signed the petition as required by law for the election to be called was insufficient to adjudge that fact, in that a reference is made therein to a certificate of the circuit clerk as to the number of qualified electors in the county, instead of the board making the finding as a result of its own investigation. We find no merit in this objection to the order of the board for the reason that the order proceeds to find as a fact that 745 out of 3,331 qualified electors had duly signed the petition, "as hereinafter found, adjudicated and set out, the same being more than 20% of the qualified electors of Choctaw County." In fact, all of the matters and things required to be done and performed related to the calling, holding, returning and declaring the result of the election were expressly found and adjudicated by the board of supervisors to have been done and performed in the manner required by law, and all of which findings are shown affirmatively by the orders entered upon the minutes. Nor was there any error committed by the circuit court in refusing to hear evidence dehors the record on certiorari to support the contention of the appellants as to the invalidity of such election.

It is next urged that the notice of the election which was published for the time and in the manner required by Section 310 of the Code of 1930 was signed by the president and clerk of the board of supervisors instead of being signed by the election commissioners of the county. This objection is also without merit, for the reason that pursuant to the notice given, the election commissioners proceeded to hold the election and to certify the result thereof as required by law. The notice given was the same both in form and substance as that which was upheld as being sufficient in the case of Martin et al. v. Board of Supervisors of Winston County, 181 Miss. 363, 178 So. 315, which was likewise signed by the president and clerk of the board of supervisors.

Finally, it is said that the election was illegal because the ballot boxes sent to nine out of the sixteen voting

precincts in the county contained irregular ballots; in that those sent to one voting precinct were shown to contain on the back thereof the name of a different precinct; and that this occurred in all nine of the precincts in question. For instance, at the Weir Precinct, 25 votes had been cast before it was discovered that the ballots used were labeled on the back thereof with the name of some other precinct. These 25 ballots were shown to have been cast, 24 for excluding wine and beer and 1 against such exclusion. The ballots so cast in the several precincts in question were not counted, and the label on the remaining ballots was corrected by the managers and they proceeded with the election. The effect of the contention made by the appellants is that the ballots so used and counted were not official ballots for these respective precincts. This contention is also without merit, for the reason that under Section 6236 of the Code of 1930, managers at voting precincts were authorized, if there were no official ballots available for use, and there was not sufficient time in which to have them printed, to write some ballots for use in conformity with the requirements of law as to what they should contain in order to properly submit the issue to be voted on by the electors. Moreover, the record shows that the qualified electors at all sixteen of the precincts in the county participated in the election; that in seven of the precincts, according to the certified report made by the election commissioners to the board of supervisors, there was no confusion at all, the ballots used in those precincts being correct in all particulars. At those seven precincts, the vote in favor of excluding wine and beer was 361, while the total vote cast in all sixteen of the precincts against excluding the same was only 211. Therefore, if all of the votes cast at the nine precincts in question for the exclusion of wine and beer were totally disregarded and those against the exclusion thereof were counted, the ultimate result of the election would remain the same. In the case of Martin et al. v. Board of Supervisors of Winston County,

supra, there was no election held at all in four of the precincts, and it was shown that if all of the qualified electors at those precincts had voted against the exclusion of wine and beer in the county, the result of the election would not have been changed. As heretofore stated, the validity of that election was upheld here on appeal. It should also be observed that the ballots used at all sixteen of the precincts were identical in form and substance in so far as the face of the ballot was concerned, there being no other propositions submitted in the election to be voted on in any part of the county than the question here involved.

All of the facts as to the alleged irregularities in the voting were fully reported by the election commissioners to the board of supervisors along with the returns of the election, and the board of supervisors thereupon affirmatively approved by an order upon its minutes the findings of the commissioners in that behalf. If, on certiorari, we do not look to this evidence upon which the board of supervisors made its adjudication as to the validity of the election, the result will be the same for the reason that without this report of the election commissioners and the approval thereof by the board of supervisors, there would not be anything to disclose the fact that the ballots were not properly labeled when sent to the respective precincts for use.

Judgment of the circuit court affirming and upholding the validity of the judgment of the board of supervisors which put into effect the result of the election is therefore affirmed.

Affirmed.