MILES *et al. v.* BOARD OF SUP'RS OF SCOTT COUNTY.

(In Banc.    June 10, 1946.)

[26 So. (2d) 541.    No. 36127.]

W. D. Conn, Jr., of Jackson, for appellants.

**Nichols & Huff,** of Forest, for appellee.

Argued orally by **W. D. Conn, Jr.**, for appellants, and by **William A. Huff** and **J. Knox Huff**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

On December 4, 1944, a petition, purporting to contain the names of twenty percent of the qualified voters of Scott County, was filed with the board of supervisors of that county, asking the board to call an election under Section 10208, Code 1942, to determine whether or not light wines and beer could lawfully be sold, transported, etc., in Scott County.

No action was taken on that petition until the February, 1945, meeting of the supervisors. At that meeting, and

on February 9, 1945, an order was adopted reciting ": . . that said petition is the petition of not less than twenty percentum (20%) of the duly qualified voters of said County."

Appellants, before the adoption of this order, appeared at that meeting, and, both by writing and in person and by their attorneys, protested its adoption and the calling of the election, taking the position that the petition did not contain twenty percent of the qualified voters as of the date it was being considered, and offered to introduce evidence to that effect.

The attitude and action of the board are shown by a special bill of exceptions, which recites: "That on said date, February 9, 1945, and at such session of the Board of Supervisors aforesaid, the Board declined to adjudicate the actual number of qualified voters of Scott County, Mississippi; and stated it would not consider the qualifications of any voter as of that day, February 9, 1945, but would confine itself to such qualifications as of the day of filing of the petitions with the Board; and the Board admitted that it, as a Board, had made no investigation nor had any member thereof made such investigation of the qualifications of voters as of February 9, 1945, the Board taking the position that the qualifications of petitioners should be determined as of the date of the filing of the petitions, to-wit: December 4, 1944, the Board being of the opinion that said matters might be determined at any time prior to final order on said cause."

Appellants now say the order is void because it failed to adjudicate as a fact the number of qualified voters in the county and the number of such voters on the petition, from which adjudicated facts the percentage of such electors on the petition could be deduced. Appellees say the percentage on the petition is a fact which can be set out in the order without also stating the total number of qualified electors in the county and on the petition. Such was done in Martin v. Winston County, 181 Miss. 363, 377, 178 So. 315, and this Court upheld the order, although

we think it the better practice for the order to expressly find and adjudicate the total number of such electors in the county and on the petition as well as the percentage on the petition. Sides v. Choctaw County, 190 Miss. 420, 200 So. 595. The contention of appellants in this respect is not well taken.

Appellants next urge here the contention they made before the supervisors to the effect that the time as of which the number of qualified voters in the county and on the petition and the percentage on the petition must be determined is the meeting of the board at which the questions are adjudicated and not the date the petition is filed. Appellants are correct in that contention. Section 10208, Code 1942; Moffett v. Attala County, 181 Miss. 419, 179 So. 352. It is obvious that many changes in the qualified electors of the county had taken place from December 4, 1944, when the petition was filed, to February 9, 1945, when the matter was considered. That is true both of the total electors in the county and on the petition. No doubt members of electors as of December 4 had died by February 9. Others had registered and qualified during that time. Poll taxes were due to be paid by February first and it may be correctly assumed that many had become disqualified by failure to pay such taxes. It is obvious that determination of the facts as of December 4 could not be a correct adjudication of the facts existing February 9th thereafter. While only a little more than two months elapsed in this case from the filing of the petition to the hearing, suppose four or six months had passed? If it be said that it was difficult for the supervisors to determine the question as of latter date because so short a time had elapsed from February 1st, the date for paying poll taxes, the answer is there was no legal reason forbidding the postponement of action until a later date.

Furthermore, the foregoing facts must be adjudicated before the board has jurisdiction to call the election. Simpson County v. Burkett, 178 Miss. 44, 172 So. 329. The

fact that the supervisors in this case at its February meeting, 1945, appointed a man to ascertain the foregoing facts and later report them to the supervisors, and that he did undertake to do that and reported back to the supervisors at the July, 1945, meeting, after the election had been held, did not cure the failure of the supervisors to adjudicate the facts before it entered the order calling the election.

We do not decide other questions argued by appellant because they will not likely arise in future proceedings.

Reversed and remanded.