HENRY *v.* BOARD OF SUP'RS OF NEWTON COUNTY.

(In Banc. March 8, 1948. Suggestion of Error Overruled May 10, 1948.)

[34 So. (2d) 232, 35 So. (2d) 317. No. 36704.]

**W. D. Conn, Jr.**, and **W. E. Gore**, both of Jackson, for appellant.

**O. B. Triplett, Jr.**, of Forest, and **C. E. Johnson,** of Union, for appellee.

**W. D. Conn, Jr.,** and **W. E. Gore,** both of Jackson, for appellant, on suggestion of error.

784

Argued orally by **W. D. Conn, Jr.**, for appellant, and by **O. B. Triplett, Jr.**, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

In August 1947 the Board of Supervisors of Newton County made "an order declaring the transportation, storage, sale, distribution, receipt and/or manufacture of wine and beer of the kind and character legalized by Chapter 171 of the Mississippi Laws of 1934 to be unlawful in Newton County." This order of the Board has been brought to this Court by an order of certiorari. It was based on an election held in July 1947, pursuant to an order of the board made on July 4, 1947. Section 10208, Code 1942, under which the order for this election was made, provides that "no election on the question shall be held in any one county oftener than once in five years, provided, however, that in counties which have elected or may elect by a majority vote of the duly qualified electors voting in the election that the transportation, storage, sale, distribution, receipt or manufacture of wine or beer of an alcoholic content of not more than four per centum by weight shall not be permitted in said county that an election may be held in the same manner as the election herein above provided on the question of whether or not the said transportation, storage, sale, distribution, receipt or manufacture of said beverages and shall be ordered by the board of supervisors of such county on a petition of twenty per cent (20%) of the duly qualified electors of such county; but no election on this question can be ordered more often than once in five years." The order of the board for the election does not adjudicate or in any way recite anything relative to any prior election on this question in Newton County, and notice of the election was given by publication in a newspaper and by

posting a notice thereof on the bulletin board at the court-house.

The contentions of counsel for the appellant are: (1), whether an election had been held on this question in Newton County within five years prior to the making of this order therefor was a jurisdictional fact which the board of supervisors should have adjudicated in accord with the statute before it was authorized to make the order; (2), there was no legal notice of the election; and (3), that the published notice does not "contain a statement of the proposition to be voted on at said election", as required by the statute.

Whether or not the holding of a prior election on this question in the county is a jurisdictional fact, on the decision of which in accord with the statute and its recital in the board's minutes depends the jurisdiction of a board of supervisors to order such an election, is a difficult question to decide, and a difference of opinion thereon has arisen among us. Since the enactment of this statute in 1934, a number of elections have been held under it without the order of the board of supervisors therefor containing any reference whatever to whether any such election had been theretofore held in the county. Some of them have been brought to this Court and the elections upheld without this question being raised or discussed by the Court. It therefore becomes our duty to obey the well-established rule that the interpretation put upon a doubtful statute by the department of the government charged with its administration and followed for a considerable time should be accepted by the courts. Briscoe v. Buzbee, 163 Miss. 574, 143 So. 407 and 887. Cf. American Oil Co. v. Marion County, 187 Miss. 148, 192 So. 296. This is in accord with the maxim, "Optima est legis interpres consuetudo (Custom is the best interpreter of the law)", 46 C. J., p. 1122, 50 Am. Jur. p. 309, and with the inference that "the fact that the point has not been raised (though it could have been in the cases that have heretofore come to this Court) by counsel or stated by the

court is strong support that it is now made without ground." Gabriel v. Brame, 200 Miss. 767, 28 So. (2d) 581, 584; Gulf Refining Co. v. Travis, 201 Miss. 336, 29 So. (2d) 100.

Section 10208, Code 1942, provides that the elections thereunder shall be held "under the election laws of the state," and under Section 3018 thereof, thirty days' notice of the election must be given to the qualified voters. Simpson County v. Burkett, 178 Miss. 44, 172 So. 329. The statute, however, is silent as to how the publication of the notice should be made. Counsel for the appellant says that this being true, the publication should be in accord with that required under a statute analogous to this one which, he says, is Section 3294, Code of 1942, which deals with special elections to fill vacancies in offices. However, we are of the opinion that the statute contemplates that the publication of the notice of the election should be made in the usual and ordinary way that notice of county-wide matters are usually given, that is, by publication in a newspaper; and this has heretofore been the custom in giving notice of such elections.

This published notice was as follows: "To The Qualified Electors of Newton County, Mississippi: In pursuance of an order of the Board of Supervisors of Newton County, Mississippi, made and entered in the minutes of said board of the 4th day of June, 1947, notice is hereby given that an election will be held in said County on the 22nd day of July, 1947, as provided by Section 2 of Chapter 171 of the Laws of 1934, as amended by Chapter 224 of the Laws of Mississippi of 1942, and as contained in Section 10208 of the Mississippi Code of 1942 for the purpose of determining by a majority vote of the qualified electors voting in said election whether or not the transportation, storage, sale, distribution, receipt, and/or manufacture of beer and wine of an alcoholic content of not more than four per centum (4%) by weight shall be excluded from said County of Newton." It is difficult to

see how the notice could have more specifically stated the proposition to be voted on.

Affirmed.

ON SUGGESTION OF ERROR.

PER CURIAM

The point made in the suggestion of error has been examined. The majority of the Court is satisfied with the original opinion and adheres thereto without modification.

Suggestion of Error overruled.

SPECIALLY CONCURRING OPINION.

**Griffith, J.**, delivered a specially concurring opinion on suggestion of error.

The main question in this case and the only one to which the suggestion of error is directed, is whether the order of the board of supervisors must contain a recital of the adjudication that no election has been held in the county on the issue within five years. In our original opinion we disposed of that inquiry by recourse to the maxim that "Custom is the best interpreter of the law."

Appellant says in his suggestion of error that in order that the quoted maxim may be applied, the custom must have been established by a long and uniform practice, and he says that in fact there has been no such uniform and generally recognized practice as that assumed in the original opinion. He calls our attention to the fact that within less than two years ago there was a case in this Court wherein the order contained the recital which he contends is necessary.

Inasmuch as we cannot take judicial notice of the records and orders of any tribunal other than our own, we are without dependable information, so far as this record is concerned, whether in fact there has been any such cus-

tom as that relied upon by the Court in the original opinion herein. For that reason, although voting to overrule the suggestion of error, I do so upon a different and a firmer ground, as follows:

The order made by the board of supervisors in this case is in all material respects the same as that in Martin v. Board of Supervisors of Winston County, 181 Miss. 363, 178 So. 315, 320. The order is quoted in full in the opinion in that case, and by an examination of it, the absence of any recital therein that the Board had adjudicated that no valid election on the same issue had been held in the county within the past five years is at once apparent. If that adjudication and that recital were essential to the jurisdiction of the board and without which any further proceedings were void, there could have been no valid affirmance by the circuit court or by this Court; for the courts themselves on appeal to them would have been without jurisdiction, there having been no jurisdiction in the board wherein the original proceedings were had.

But in that case, the Martin case, this Court said: "We find no error in the orders of the board dealing with this election, in any part of the proceedings, which would render their action void." If the point now made had been made in the Martin case, then, of course, the quoted language would have been direct decision that the recital and adjudication by the board that no valid election had been held in the county within the past five years were not necessary to the jurisdiction of the board.

But appellant in the present case calls attention to the fact that the point now relied on was not raised in the Martin case, and appellant invokes the rule that points not raised in or mentioned by the appellate court are not within the rule of stare decisis. To this rule there is an exception well settled in this State, as well as elsewhere, and that exception is when the point not raised or mentioned goes to the jurisdiction of the Court, 21 C. J. S., Courts, Secs. 113-115. This exception was fully reviewed and distinctly applied in Drummond v. State, 184 Miss.

738, 185 So. 207, and it was there held that inasmuch as it is the duty of every court to inquire, and this of its own motion, whether it has jurisdiction before it proceeds any further, the fact that it takes jurisdiction, and proceeds, inescapably amounts to a decision by it that it has jurisdiction.

It follows therefore that when the Court in the Martin case took jurisdiction and proceeded to an affirmance, instead of dismissing for want of jurisdiction, it decided at the same time that the order of the board was not jurisdictionally invalid for the want of the recital about any previous election within five years, and that we must now follow that decision unless manifestly wrong or mischievous in operation, and it is neither of these.

**L. A. Smith, Sr.**, and **McGehee, J.**, concur in the foregoing special opinion.