DUGGAN, et al. *v.* BOARD OF SUPERVISORS OF STONE COUNTY.

In Banc. Dec. 31, 1949

No. 37275 (43 So. (2d) 566)

**Joe Stevens, Ben Stevens, and Earle L. Wingo,** for appellants.

**Newton & Blass,** for appellees.

**Smith, J.**

The Board of Supervisors of Stone County, over the written protest of appellants, entered an order excluding the traffic in light wines and beer from the County. An appeal, on a bill of exceptions, was taken to the Circuit Court, which sustained the order of the Board of Supervisors. The case is before us on two argued assignments of error, and we address ourselves to them. They are:

(1) Error in holding that sufficient notice of the election was given, basing the objection on Section 10208,

Code 1942, (2) error in holding that appellants were granted a full and complete hearing of their protest at the January, 1949, meeting of the board of supervisors as provided by law.

 As to the first point, the notice of the election was given for the required time, in a newspaper published and circulated in Stone County. Appellants contend this was insufficient, since Section 10208, Code 1942, provides: "If any county, at an election held for the purpose under the election laws of the state, shall by a majority vote of the duly qualified electors voting in the election determine that the transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages, shall not be permitted in such county, then the same shall not be permitted therein. * * * Provided, further that an election to determine whether such transportation, storage, sale, distribution, receipt, and/or manufacture of such beverages shall be excluded from any county in the state, shall on a petition of twenty per centum (20%) of the duly qualified voters of such county, be ordered by the board of supervisors thereof, for such county only; * * *."

It will be noted that the manner and method of giving such notice is not provided in this statute. But appellants argue that Sections 3294 and 3296, Code 1942, are such cognate statutes that they supplement, or at least interpret, Section 10208, supra, so as to supply the manner and method of giving notice of the election in this case. Section 3294 reads as follows: "The commissioners of election of the several counties to whom the writ of election may be directed, shall, immediately on the receipt thereof, give notice of such election by posting notices at the courthouse, and in each election district in the county, for as near thirty days as may be practicable and the election shall be prepared for and held as in case of a general election." The notice in the instant case was given for thirty days by newspaper publication, without posting at the courthouse and in each election dis-

trict. Section 3296, supra, is to the effect that: "All special elections, or elections to fill vacancies, shall in all respects be held, conducted, and returned in the same manner as general elections." Section 3294, supra, governs only the notice of elections to fill vacancies in office.

The argument of appellants is, after citing Simpson County v. Burkett, 178 Miss. 44, 172 So. 329, that, following the rule in that case of applying the most analogous statute to Section 10208, in determining both the amount of notice to be given and the manner and mode of giving it, since the notice was not posted at the courthouse door and in each election precinct of the county, it was not sufficient in law. Nevertheless, appellants say in their brief: "We are not unaware of the decision in the case of Henry v. Board of Supervisors of Newton County, 203 Miss. 789, 34 So. (2d) 232, 233 [35 So. (2d) 317] where the court held in answer to the precise contention which we have raised here that the maxim, 'optima est legis interpres consuetudo' (custom is the best interpreter of the law) and that the usual and ordinary way of giving notice of elections dealing with county-wide matters by publication in a newspaper was sufficient notice." They do not agree with that decision, however.

We are of the opinion that our conclusion there was then and still is sound, and the required manner and mode of giving the notice of election in the case at bar was not controlled by Section 3294, but more nearly by Section 3018, Code 1942, which simply provides for thirty days notice for the election. We said in the Henry case, supra: "Counsel for the appellant says * * * the publication should be in accord with that required under a statute analogous to this one which, he says, is Section 3294, Code of 1942, which deals with special elections to fill vacancies in offices. However, we are of the opinion that the statute contemplates that the publication of the notice of the election should be made in the usual and ordinary way that notice of county-wide matters is usu-

ally given, that is, by the publication in a newspaper; and this has heretofore been the custom in giving notice of such elections." Compare with approval of thirty-day notice published in newspapers, in local option elections; Simpson County v. Burkett et al., 178 Miss. 44, 172 So. 329; Martin et al. v. Board of Supervisors of Winston Co., 181 Miss. 363, 178 So. 315. The method, mode, and manner of publication of notice of the election in the case at bar was correct and proper.

The second assignment of error is that appellants were denied a full and complete hearing of their protest at the January, 1949, meeting, it being conceded that they were then and there entitled to be heard on such proper evidence as they had and cared to offer. Their only plan of procedure was to cross-examine the members of the board of supervisors as witnesses against themselves, sitting as a court to try the issues. In the case of Miles et al. v. Board of Supervisors of Scott County, Miss., 33 So. (2d) 810, we held that ██ a hearing before county board of supervisors to determine whether a petition to exclude beer and wine from the county containing requisite signatures was a judicial proceeding. In Brashier v. State, 197 Miss. 237, 20 So. (2d) 65, 66, 157 A. L. R. 311, this Court said: "The functions of a judge and a witness are incompatible. It is the duty of the judge to pass upon the admissibility of the evidence, the competency of the witness, to punish witnesses for contempt on refusal to answer proper questions, and generally to exercise over witnesses all of the powers of a court needed for the protection of the rights of the parties and administration of justice in the case. But, as a witness, he has the right to refuse to answer incriminating questions and is entitled to the protection of the court in this, as well as in many other respects. It is utterly impossible for one person to exercise these rights and perform such duties at one and the same time. Again, if motions are made to exclude for insufficiency of evidence, or for new trial, the judge

must pass upon the credibility and weight of his own evidence. * * *''

In the instant case the members of the board, convened on this occasion as a court, refused to permit themselves to be cross-examined as witnesses on the issues before them, thus avoiding having to ''pass upon the credibility and weight'' of their own evidence, and of performing the dual functions of judges and witnesses simultaneously. In this they were correct. Attention of appellants was called to their right to introduce other evidence,—poll-books, tax books, and such other competent proof as they cared to offer, but the appellants declined to do so, stating in court: ''We take the position that since we could not prove the allegations of the protest by interrogating the board, as we have sought to do, as reflected by the record, we have no other testimony in support of the protest.'' There is, therefore, no merit to the second assignment of error.

Neither is there any justification in the argument that such refusal constituted a ''Star Chamber'' proceeding such as was involved in Miles v. Scott County, supra. That case involved an entirely different type of action by the board of supervisors, that is to say, secrecy and unfairness of the board in the session, and, getting private advice from the attorney for the petitioners while excluding the attorney of the protestants. In the instant case, the hearing was open to all, and protestants given every chance properly to sustain their protest, which they refused to do when denied the right to cross-examine the members of the board.

In view of what we have said above, we are constrained to affirm the judgment of the circuit court, and we do so.

Affirmed.