STATE *v.* HOYLE.

Division B.    Apr. 9, 1951.

No. 37860 (51 So. (2d) 730)

**Joe T. Patterson,** Assistant Attorney General, for appellant.

No brief for appellee.

**Hall, J.**

The only point in this case is: How much notice must be given before there can be a valid election on the question of outlawing the sale of wine and beer in any county of this State? The question arises in this manner: Appellee was indicted for the unlawful sale of beer, and, as was necessary to make out the State's case, the district attorney offered in evidence an order of the board of supervisors declaring the result of an election at which a majority of the qualified electors had voted in favor of preventing the sale, transportation, etc., of wine and beer in the county. This order shows on its face that the election was held on November 6 pursuant to a prior order of October 10 directing the holding of the election and that the notice of election was published in four successive issues of a weekly newspaper beginning on October 11. Thus it will be seen that 27 days elapsed between the date when the election was ordered and the date when it was held, and only 26 days elapsed between the first publication and the date of the election. Appellee objected to introduction of the order of the board for the reason that an insufficient time elapsed between the giving of notice and the holding of the election and that consequently the election and the order thereon were void. The learned circuit judge sustained the objection and discharged appellee, from which action the State appeals.

In Simpson County v. Burkett, 178 Miss. 44, 172 So. 329, this Court held that in a county-wide special election

on the question whether the sale of beer and light wines should be prohibited thirty days notice is essential to the holding of a valid election. That decision was followed in Martin v. Board of Supervisors of Winston County, 181 Miss. 363, 178 So. 315. We see no reason to depart from the rule there announced. The Legislature has had nearly fifteen years in which to change the rule if it had thought the above decisions unsound.

Affirmed.