NEAL, et al. *v.* BOARD OF SUPERVISORS CARROLL COUNTY.

Mar. 23, 1953

No. 38703 25 Adv. S. 44 63 So. 2d 540

*J. C. Neill* and *W. W. Pierce,* for appellants.

*Maurice R. Black* and *Henry Edmonds,* for appellee.

**KYLE, J.**

On November 5, 1951, petitions were filed with the board of supervisors of Carroll County asking that an election be held in the county for the purpose of determining whether the transportation, storage, sale, distribution, receipt and/or manufacture of beer and wine of an alcoholic content of not more than four per centum by weight should be excluded from the county, as provided for in Section 10208, Code of 1942, Chapter 224, Laws of 1942. The board of supervisors, after a hearing on the petitions, found that the petitions were duly signed by more than twenty per cent of the qualified electors of the county, and the board adopted an order providing that an election be held in the county on December 11, 1951, as provided for in the above mentioned statute, for the purpose of submitting to the qualified electors of the county the question whether or not the transportation, storage, sale, distribution, etc., of beer and wine, should be excluded from the county. The board in its order directed that the county election commissioners publish notice of the election for at least thirty days as provided by law, and make all necessary arrangements for the holding of the election.

The county election commissioners thereupon gave notice of the election by publication of a notice thereof in "The Conservative," a weekly newspaper published in the Town of Carrollton, in the four weekly editions of said newspaper published on November 9, 16, 23 and 30, 1951, and proof of publication of the notice was duly filed

with the clerk of the board of supervisors. The election was held on December 11, 1951, as provided for in the order of the board of supervisors, and resulted in a majority of the qualified electors who voted in the election, voting in favor of the exclusion of the transportation, storage, sale, distribution, etc., of beer and wine from the county. The county election commissioners canvassed the returns of the election and certified the result thereof to the board of supervisors at an adjourned meeting of the board held on January 4, 1952. The board of supervisors thereupon adopted a formal order approving the report and formally ordering that thereafter the transportation, storage, sale, distribution, receipt and/or manufacture of beer and wine of an alcoholic content of not more than four per centum by weight, should be excluded from the county.

When the petitions were filed with the board of supervisors on November 5, 1951, asking for the holding of the election, the appellants herein appeared before the board, in person and by their attorneys, and requested that they be allowed additional time within which to check the petitions and verify the signatures. The board refused to grant the request, and immediately ordered the holding of the election. The appellants thereupon appealed from that order to the circuit court. The appellants again appeared before the board at its meeting on January 4, 1952, and filed objections to the report of the county election commissioners, in which they challenged the validity of the election on several grounds, and introduced evidence to support their charges of irregularities in the holding of the election. The board overruled the objections and the appellant prepared and had the president sign a bill of exceptions embodying their objections and the testimony taken thereon before the board of supervisors. After the adoption of the final order of the board of supervisors on January 4, 1952, the appellants filed a petition in the circuit court asking for the issu-

108

ance of a writ of certiorari for a judicial review of the proceedings. The writ was granted and a transcript of the record, including a copy of appellants' bill of exceptions, was filed in the circuit court. At the May 1952 term of the court the appeal taken from the order of the board adopted on November 5, 1951, and the proceedings on the petition for certiorari were consolidated and heard together; and at the conclusion of the hearing the circuit judge found that the acts and proceedings of the board of supervisors were in all respects regular and valid and entered a judgment affirming the above mentioned orders of the board of supervisors. From that judgment the appellants have prosecuted this appeal.

The appellants' attorneys in their briefs argue four points as grounds for reversal on this appeal. The first point argued by them is that the circuit court erred in holding that the notice of the election held on December 11, 1951, was sufficient to constitute thirty days notice of the election as required by law; and in view of the conclusions that we have reached on that point it will not be necessary for us to consider the other points argued in the appellants' brief.

The order of the board of supervisors adopted on November 5, 1951, as stated above, provided that the election commisisoners should give notice of the election by publication of such notice for at least thirty days before the date fixed for the holding of the election.

Section 10208, Code of 1942, is silent as to the manner of giving notice of the election. But this Court has held in the case of Simpson County v. Burkett et al., 178 Miss. 44, 172 So. 329, that thirty days notice of the election must be given, as required by Section 310, Code of 1930, Section 3018, Code of 1942. And in the case of Henry v. Board of Supervisors of Newton County, 203 Miss. 780, 34 So. 2d 232, 35 So. 2d 317, the Court held that such notice must be given by newspaper publication. And the rule laid down in the above mentioned cases was cited

and approved in the later case of Duggan et al. v. Board of Supervisors of Stone County, 207 Miss. 854, 43 So. 2d 56. Therefore, the question that we have to consider here is whether the publication of the notice in the four weekly issues of the newspaper on November 9, 16, 23 and 30, 1951, was a sufficient publication of the notice to constitute publication of the notice for thirty days, as required by the rule laid down in the above mentioned cases. We think that it was not a sufficient publication.

In the case of Simpson County v. Burkett et al., supra, the Court said: ''When a statute provides for an election submitting a matter or matters of county-wide policy to the voters of the entire county but prescribes only that the election thereunder shall be held under the election laws of the state and is silent as to the notice necessary to be given it becomes the duty of the court to resort to and apply such of the election laws as bear the closest analogy to the election provided for under the statute presently being considered, 59 C. J., p. 1041, et seq.'' See also Spencer v. Mayor and Board of Aldermen of Yazoo City, 3 Adv. S. 55, 60 So. 2d 562. In the case of Henry v. Board of Supervisors of Newton County, supra, the Court, in construing Section 10208, Code of 1942, said that the statute contemplates that the publication of the notice of the election should be made in the usual and ordinary way that notices of county-wide matters are usually given.

In the case of Monroe County v. Minga et al, 127 Miss. 702, 90 So. 443, the Court had under consideration the question of the validity of a school bond issue election, which had been held in a consolidated school district under the provisions of Chapter 207, Laws of 1920. The election was held on November 2, 1920. The notice of the election had been published on October 8, October 15, and October 22, 1940. More than one week had elapsed between the last publication of the notice and the date of the election, and the Court held that the election was void.

In its opinion in that case the Court said: "If more than one week were permitted to elapse before (sic) the last publication of the notice and the date of the election, why not two weeks or three weeks or a month or a year? How much time could elapse without rendering the election void? As it appears to the court, there is no halfway ground. Either the election must be held within a week of the last publication of the notice, or it may be held at any time subsequent to the last publication of the notice. The Court is of the opinion that the cases of Planters Mercantile Co. v. Braxton, and Maris v. Lindsey, supra, are decisive of this question in favor of the appellees."

In the case of Planters Mercantile Co. v. Braxton, 120 Miss. 470, 82 So. 323, the Court held that, under Section 2772, Code of 1906 (Sec. 888, Code of 1942), providing that lands sold under mortgages and deeds of trust shall be advertised for three consecutive weeks preceding such sale, it was necessary that publication be made for the three weeks next before the date of sale, and immediately preceding the day of sale. The Court in that case said that the word "preceding" meant "next before," and the Court held that the foreclosure sale was void because more than one week had elapsed between the date of the last publication and the day of sale. The rule laid down in the Planters Mercantile Co. case was reaffirmed in the case of Maris et al. v. Lindsey et al., 124 Miss. 742, 87 So. 13.

The Legislature in 1950 prescribed a uniform method of publication of notices of elections on county, municipal and school district bond issues. See Chapter 231, Chapter 241, and Chapter 443, Laws of 1950, And in each of these statutes it was expressly provided that such notices shall be published for three consecutive weeks, and that the first publication shall be made not less than twenty-one days prior to the date fixed for such election, and that the last publication shall be made not more than seven days prior to such date. These statutes and the

above mentioned decisions of our own Court reflect a settled policy of the Legislature and the courts that notices of this character shall be published in each successive weekly edition of the newspaper until the election is held, and that not more than seven days shall intervene between the last publication of such notice and the election.

The appellee's attorneys cite, in support of their contention that the four publications made on November 9, 16, 23 and 30 was sufficient, the case of Henritzy v. Harrison County, 180 Miss. 675, 178 So. 322. But the notice involved in that case was a notice in the nature of judicial process. It was not a notice of an election on a question of county-wide interest such as we have here, and the decision in that case is in no way controlling here.

 When the law requires that thirty days notice of an election be given by newspaper publication, the first publication of the notice must be made at least thirty days prior to the election and the publication must be continued in each successive weekly issue of the newspaper until the date of the election, and not more than seven days should be allowed to intervene between the last publication of the notice and the election. Monroe County v. Minga et al., supra; Scott v. Paulen, 15 Kan. 162; Scalley v. Menninger (Fla.) 60 So. 180.

Inasmuch as another election must be ordered it is not necessary that we discuss the question argued by the appellants' attorneys concerning the adoption of the order of November 5, 1951, providing for the holding of the election. See Miles et al. v. Board of Supervisors of Scott County, 200 Miss. 214, 26 So. 2d 541.

We are reluctant to reverse a case of this kind on the ground that the publication of the notice of the election was insufficient, but there is no other course that we can take, in view of the prior decisions of our own Court. And for the reasons stated above, the judgment of the lower court affirming and in effect upholding the order of the board of supervisors adopted on January 4, 1952,

providing that the transportation, storage, sale, distribution, etc., of beer and wine of an alcoholic content of not more than four per centum by weight, shall be excluded from the county, is reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Ethridge* and *Lotterhos, JJ.,* concur.