LEE, Justice, for the Court:
This appeal is from a judgment of the Circuit Court of Greene County invalidating an election which banned the sale, distribution, storage, and possession of alcoholic beverages, wine and beer, in said county.
The sole question is whether or not the election was invalid.
On September 11, 1972, a petition was filed with the Board of Supervisors of Greene County, which reads as follows:
“To the Board of Supervisors of Greene County, Mississippi:
We, the undersigned qualified electors of Greene County, Mississippi, do hereby petition and request you to call an elec *478 tion at which there shall be submitted to the qualified electors of Greene County, Mississippi, the question of whether or not the sale, distribution, storage, and possession of alcoholic liquors shall be permitted in Greene County, Mississippi, as provided in the ‘Local Option Alcoholic Beverage Control Law’ of the State of Mississippi, being HB # 112 in the Mississippi Legislature Reg. Session, 1966.”
The Board of Supervisors entered an order directing the registrar to examine the petition for the purpose of determining whether a sufficient number of names of qualified electors appeared thereon to call the election, and he reported that the petition contained the required number of signatures. The Board then ordered [Appendix I] that the election commissioners hold an election at the time of the general election on November 7, 1972, and, without setting out a form of ballot, that the ballot contain a brief statement of the proposition submitted, and, on separate lines, that the following words be printed:
“I Vote FOR the legal sale of alcoholic beverages, wine and beer, in Greene County, Mississippi . ( )
I Vote AGAINST the legal sale of alcoholic beverages, wine and beer, in Greene County, Mississippi . ( )”
The Board further ordered, without setting forth a form of the publication, that notice of the election [Appendix II] be published in the Greene County Herald on October 13, 20 and 27, 1972. The notice was published October 13, 20 and 27, and November 3, 1972. The first day of publication, October 13, 1972, was less than thirty (30) days from November 7, 1972, the date of the election.
The ballot [Appendix III] was prepared by the Circuit Clerk and the Ticket Election Commissioner. It stated the proposition and that the election was held under Section 10208 [Mississippi Code Annotated § 67-3-7 (1972)] and Section 10265 [Mississippi Code Annotated § 67-1-13 (1972)], Mississippi Code of 1942, Annotated, and provided four (4) spaces for checking the ballot, two relating to alcoholic beverages, and two relating to wine and beer.
The order of the Board of Supervisors, in such elections, should adjudicate all the material facts and findings of the Board, and should specifically provide for the form of the proposition and the ballot, and the form of the notice of election, together with the dates of the publication. The ballot and notice of election then should be prepared, and the publication made, in conformity with such order.
Were the petition to call the election (wine and beer) and the notice of the election (wine and beer) legally sufficient?
The petition requested that an election be called for a vote on the question of whether or not the “sale, distribution, storage and possession of alcoholic liquors shall be permitted in Greene County as provided in the Local Option Alcoholic Beverage Control Law, being House Bill # 112 in the Mississippi Legislature, Regular Session, 1966.”
Petitioners proceeded under Chapter I, Title 67, Mississippi Code Annotated (1972), and even set out in their petition, verbatim, the title of said chapter. Section 67-1-5 of the act defines “alcoholic beverage” as “any alcoholic liquid capable of being consumed as a beverage by a human being, but shall not include wine containing not more than four percent of alcohol by weight and shall not include beer containing not more than four percent of alcohol by weight.” That section specifically excludes wine and beer.
This Court has held in a number of cases [State v. Hoyle, 211 Miss. 342, 51 So.2d 730 (1951); Martin v. Board of Supervisors of Winston County, 181 Miss. 363, 178 So. 315 (1938); Simpson County v. Burkett, 178 Miss. 44, 172 So. 329 (1937)] that where a statute contains no provision for notice of an election, the general statute will apply. Section 10208, Mississippi Code 1942 Annotated [Mississippi Code Annotated § 67-3-7 (1972)], being the wine and beer statute, contains no provision for notice, and the notice was required as provided by the cases supra.
*479 We are of the opinion that the petition did not authorize the Board of Supervisors to call an election on the question of whether or not the sale, distribution, storage and possession of wine and beer should be permitted, that notice of the election was insufficient notice to the qualified electors on said question, and that the trial judge was correct in holding that part of the election invalid.
Was the election valid insofar as it related to the sale, distribution, storage and possession of alcoholic beverages (whiskey)?
The petition was sufficient to authorize the Board of Supervisors to call an election on the question of alcoholic beverages (whiskey) in said county. The publication of notice of the election and the notice complied with the Local Option Alcoholic Beverage Control Law. There were variances and irregularities between the order of the Board and the question submitted by the ballot, but there is no indication of fraud.
In City of Pascagoula v. May, 254 Miss. 208, 176 So.2d 892 (1965), which involved an election to determine whether the city should change its form of government, the election was held to be invalid by this Court for the reason that false and fictitious orders and notice of election were prepared by the City Clerk, and that the voters were not properly acquainted with the proposition, resulting in confusion to them.
In the case here, some voters may have preferred the county to be all “wet” or all “dry” and may have been confused by the notice of election and by the ballot. Some voters may have foreseen the difficulty of enforcing the alcoholic beverage (whiskey) law with wine and beer being legal and may have voted for that proposition, if they had known the election of wine and beer was void. How can it be said the very election and ballot that are tainted and invalid as to one proposition (wine and beer) are clean and valid as to another (alcoholic beverage-whiskey)?
We are of the opinion that the election was also invalid on the question of whether or not the sale, distribution, storage and possession of alcoholic beverages should be permitted, and that the trial judge was correct in so holding, but, since the petition was sufficient to authorize the Board of Supervisors to call an election on that question, the petition is remanded to the said Board of Supervisors for such purpose.
For the reasons stated, the case is affirmed, and the petition is remanded to the Board of Supervisors.
AFFIRMED; PETITION REMANDED TO BOARD OF SUPERVISORS.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
APPENDIX I
“ORDER BY THE BOARD OF SUPERVISORS GREENE COUNTY, MISSISSIPPI
There coming on to be heard the request by petitioners to remove their names from a petition heretofore filed to hold an election on the legal sale of alcoholic beverages in Greene County, and the Board having received a certificate from the County Registrar that upon a close and accurate check of all the petitions there was found that there were 1,342 qualified names on the petition to hold the election to determine the continued legal sale of alcoholic beverages in Greene County, Mississippi. The County Registrar also certified that 20% of the qualified electors is 1,109 and the Board doth find that there is more than 20% of the qualified electors on said petition to hold an election,
IT IS THEREFORE ORDERED That the election commissioners hold and conduct a general election on November 7, 1972, said election to be held along with the general election to be held on that date and the ballots used thereat shall contain a brief statement of the proposition submitted and on separate lines the words
Alcoholic Beverages, wine & beer
I vote FOR the legal sale of / whiskey in Greene County, Mississippi
*480 Alcoholic Beverages, wine & beer
I vote AGAINST the legal sale of / whiskey in Greene County, Mississippi
IT IS FURTHER ORDERED That Notice of this election be published three times in the Greene County Herald starting October 13th, and be published the dates of the 13th, 20th, and 27th of October, 1972 in the Greene County Herald.
SO ORDERED This the 9th day of October, 1972, subsequent to the following vote of the members of the Board:
Those present and voting “Yes”: Ford James, Billy G. Cooper, Billy B. Robertson
Those absent and not voting: E. T. White, S. J. Henderson
/s/ Ford James_ Ford James, Vice-President, Board of Supervisors, acting president in the absence of E. T. White, President of the Board of Supervisors of Greene County, Mississippi
ATTEST:
/s/ Wayne Pulliam Wayne Pulliam, Chancery Clerk and Clerk of the Board of Supervisors of Greene County, Mississippi.”
APPENDIX II
“NOTICE TO THE QUALIFIED ELECTORS OF GREENE COUNTY, MISSISSIPPI
Notice is hereby given that an election will be held on November 7, 1972, at which there will be submitted to the qualified electors of Greene County, Mississippi, the question of whether or not the sale, distribution and possession of alcoholic liquors shall continue to be permitted in Greene County, Mississippi, as provided for by the laws of the State of Mississippi.
WAYNE PULLIAM,
Clerk of the Board of Supervisors”
APPENDIX III
“STATE OF MISSISSIPPI SPECIAL ELECTION NOVEMBER 7.1972
ELECTION ON ALCOHOLIC BEVERAGES, WINE AND BEER UNDER SECTION 10,208 AND SECTION 10,265 OF THE MISSISSIPPI CODE OF 1942, AS AMENDED.
‘Shall the transportation, storage, sale, distribution, receipt and/or manufacture of alcoholic beverages, wine and beer as provided for in Section 10,208 and Section 10,265 of the Mississippi Code of 1942, as amended, be permitted and continued in Greene County, Mississippi.’
I Vote FOR the legal sale of Alcoholic Beverages, in Greene County, Mississippi.( )
I Vote AGAINST the legal sale of Alcoholic Beverages in Greene County, Mississippi.( )
I Vote FOR the legal sale of Wine and Beer in Greene County, Mississippi.( )
I Vote AGAINST the legal sale of Wine and Beer in Greene County, Mississippi .( )’