SMITH, Justice:
The appellant, the Board of Supervisors, as governing authority of Winston County, sued appellees, the Mayor and Board of Aldermen of the City of Louisville, in the Chancery Court of Winston County. The bill prayed an injunction “restraining the defendants from proceeding further to assess or cause to be assessed property outside the limits of the city and levying or collecting or causing to be collected taxes for the support of * * * ” Louisville Municipal Separate School District. Ap-pellees answered, and filed a cross-bill praying for an injunction against appellant, restraining appellant from levying taxes for the support of that district. From a decree denying appellant an injunction, dismissing appellant’s bill and enjoining appellant as prayed in the cross-bill, this appeal has been prosecuted.
The object of the suit, as stated, was to restrain the municipal authorities from continuing to assess for taxation property *300 within the Louisville Municipal Separate School District, but outside the city limits, and from levying taxes for the support of the school system, upon the theory that these were exclusive functions and prerogatives of the county assessor and the County Board of Supervisors.
The material facts in the case are not in dispute. For some considerable time prior to October 20, 1956, the Louisville Municipal Separate School District boundaries were coterminous with those of the City of Louisville.
On the above date, the Louisville Municipal Separate School District and the Winston County School District received the approval of the Mississippi Educational Finance Commission for the reconstitution of each of said respective districts, the boundaries of each to be the same as they had been previously. The reconstitution of these districts in each case was effected pursuant to the provisions of Mississippi Laws 1953 Chapter 12 (Mississippi Code Annotated section 6328-01 through section 6328-117 (Supp. 1964)).
From October 20, 1956, the Louisville Municipal Separate School District, with boundaries coterminous with the City of Louisville, operated the school system within the City of Louisville, and continued to do so until July 1, 1960. Likewise, from October 20, 1956, and until July 1, 1960, the Winston County School District, comprised of all lands in Winston County outside the City of Louisville, operated the school system for that territory.
On January 25, 1960, the Winston County Board of Education, acting expressly pursuant to the authority of Mississippi Laws 1953 Chapter 16 (Mississippi Code Annotated section 6274-01 through section 6274-21 (Supp. 1964)), entered an order abolishing the Winston County School District and requesting that its territory be added to that of the Louisville Municipal Separate School District.
The Board of Trustees of Louisville Municipal Separate School District, also acting expressly pursuant to Chapter 16, supra, consented to the addition of the territory of the Winston County School District to the Louisville Municipal Separate School District. Publication was made as required by Chapter 16, and a sufficient number of qualified electors not having protested, no election was called.
On April 4, 1960, the Mississippi Educational Finance Commission, acting expressly pursuant to the provisions of Chapter 16, supra, approved the abolition of the Winston County School District, and the annexation of its territory to the existing Louisville Municipal Separate School District. In so doing, the Commission found that the abolition of the Winston County District and the addition of its territory to the Louisville Municipal Separate School District would promote the educational welfare of the entire county and the efficiency of the operation of its schools. This order was effective July 1, 1960. There was no appeal from the order of the County Board of Education, as authorized by Mississippi Laws 1953 Chapter 16 section 6(f).
From July 1, 1960, to September 28, 1964, the date of the trial in the court below, the only school district operating public schools in Winston County has been the Louisville Municipal Separate School District. Its Board of Trustees has consisted of three members elected by the governing authority of the municipality and two members elected by all qualified electors outside the boundaries of the City of Louisville. Since July 1, 1960, there has been no Board of Education selected or appointed purporting to serve in Winston County. No agreement was made between appellant and appellees within sixty days after July 1, 1960 (or at any time), as to the method of constituting the Board of Trustees of the Louisville Municipal Separate School District, as might have been done under the provisions of Mississippi Laws 1956 Chapter 296 (Mississippi Code Annotated section 6328-81 (Supp. 1964)).
*301 Since July 1, 1960, the Municipal Tax Assessor of the City of Louisville has assessed all taxable property in the Louisville Municipal Separate School District, both within and without the city limits, and taxes have been collected on such property, based upon that assessment for all school purposes.
During this period, the Louisville Municipal Separate School District in all respects has operated the schools and has administered school affairs of the district, including the issuance of negotiable bonds to raise money to construct, renovate, and maintain the buildings and facilities of the district.
The resolution of the question presented on this appeal requires an interpretation of those legislative enactments, beginning with those enacted in the year 1953, under which sweeping changes were made in the public school systems of the state.
It is argued by the appellant that when the Louisville Municipal Separate School District consented to the addition of the territory of the former Winston County School District that this had the effect of changing the resulting district from that of a municipal separate school district to a special municipal separate school district, within the meaning of Chapter 296, supra, since more than twenty-five percent of the total number of educable children resided outside boundaries of the City of Louisville.
Mississippi Laws 1956 Chapter 296 (Mississippi Code Annotated section 6328-81 (Supp. 1964)) is as follows:
“The provisions of this act shall be applicable only to those municipal separate school districts which have been or shall be organized, reorganized or reconstituted in accordance with the provisions of Chapter 12, Laws of the Extraordinary Session of 1953 (§§ 6328-01 et seq.), with added territory where the added territory, exclusive of any added territory which was a part of such municipal separate school district before such organization, reorganization or reconstitution, shall contain twenty-five per cent (25%) or more of the total number of educable children of such district, which such school districts, for the purposes of this act, shall be known as special municipal added territory where the added territory, exclusive of any added territory which separate school districts. This act shall be supplementary and in addition to all existing school laws of this state and, except as herein expressly provided, all applicable statutes relative to the establishment, government, management, and operation of municipal separate school districts shall be fully applicable to such special municipal separate school districts.”
Both the Louisville Municipal Separate School District and the Winston County School District reconstituted their boundaries in each case as they had been previously, under the provisions of Mississippi Laws 1953 Chapter 12 (Mississippi Code Annotated sections 6328-01, 6328-02 (Supp. 1964)).
At the time the governing authority of Winston County School District abolished that district and requested the Board of Trustees of Louisville Municipal Separate School District to allow its territory to be added to that of the latter district, each of these school districts had been in operation, following reconstitution under the statute, for several years.
Chapter 296, supra, in express terms, applies “only to those municipal separate school districts which have been or shall be organised, reorganised or reconstituted in accordance with the provisions of Chapter 12, Laws of the Extraordinary Session of 1953 (§§ 6328-01 et seq.), with added territory * * * ” (Emphasis added.) (Miss. Code Ann. § 6328-81 (Supp.1964)).
The Louisville Municipal Separate School District was not reconstituted with added territory.
*302 Chapter 12, supra, also provides that any municipal separate school district existing at the time of the enactment of the statute might be “reconstituted as such a district, * * * either with the same or with additional or less territory * * * ” (Emphasis added.) (Miss.Code Ann. § 6328-02 (Supp.1964)).
The LouisvilR Municipal Separate School District was reconstituted with the same territory, that is, territory which lay wholly within the municipal boundaries of the City of Louisville and was coterminous with such boundaries.
There is nothing in any of the orders in any way indicating that when the Board of Trustees of the Louisville Municipal Separate School District consented to the addition of the territory of the Winston County School District, it intended to abdicate or did abdicate its authority to continue to govern and to administer the affairs of the district.
All of the orders and resolutions relevant to the abolition of Winston County School District and the addition of its territory to Louisville Municipal Separate School District, including those of the governing authority of Winston County School District, the Board of Trustees of the Louisville Municipal Separate School District and the Mississippi Educational Finance Commission, expressly stated that they were entered pursuant to Chapter 16, supra.
This act (section 6274 — 06), beginning, "after school districts have been reconstituted * * * ” provides the procedure to be followed both by county school districts and the municipal separate school districts for the “abolition, alteration or creation” of districts formerly reconstituted under Chapter 12, Laws of Mississippi Extraordinary Session of 1953. (Emphasis added.) The abolition of the Winston County School District, its request to have its territory annexed to the Louisville Municipal Separate School District, the consent of the Board of Trustees of Louisville Municipal Separate School District, and the approval of the Mississippi Educational Finance Commission, all were expressly accomplished under the provisions of Chapter 16, supra.
The procedures of that chapter were carefully followed. Due notice was given, and no petition sufficient to require the calling of an election was filed, and there was no appeal, as provided in the last paragraph of the act.
Since the abolition of Winston County School District and the adding of its territory to the Louisville Municipal Separate School District, the latter has continued to operate, without interruption, as formerly, as a municipal separate school district, with all of the attributes and powers of school districts within that category. It has so operated over a period of several years during the course of which all of the duly constituted public authorities, including Mississippi Educational Finance Commission, have dealt with' and referred to it as a municipal separate school district, and not as a special municipal separate school dis.-trict.
When the matter was submitted to the Mississippi Educational Finance Commission, that body followed the construction of the statute placed upon it by the Attorney General of Mississippi, as set out in his letter of September 20, 1956, addressed to the attorney for the Commission.
These circumstances, including the construction placed upon the statute by the Attorney General of Mississippi and consistently followed by the Mississippi Educational Finance Commission, properly may be considered by this Court in construing these statutes. State v. Heard, 246 Miss. 774, 151 So.2d 417 (1963); Bailey v. Montgomery Ward & Co., Inc., 222 Miss. 544, 76 So.2d 813 (1955); Henry v. Board of Supervisors of Newton County, 203 Miss. 780, 34 So.2d 232 (1948), sug. of error over *303 ruled, 35 So.2d 317 (Miss.1948) ; Briscoe v. Buzbee, 163 Miss. 574, 143 So. 407 (1932), sug. of error overruled, 143 So. 887 (Miss.1932) ; Illinois Central R. R. Co. v. Middleton, 109 Miss. 199, 68 So. 146 (1915).
Moreover, we have concluded that Chapter 296, supra, (section 6328-81), by its express terms is applicable only to those municipal separate school districts which were "organized, reorganized or reconstituted * * * with added territory * * * ”
(Emphasis added.)
The Louisville Municipal Separate School District was not organized, reorganized or reconstituted "with added territory.” It was reconstituted with exactly the same territory as it had before.
Chapter 16, supra, (section 6274-06), contains the provisions regulating the addition of territory to an existing school district, after such school district has been reconstituted or created in the manner prescribed by Chapter 12, supra.
There can be no question whatever in the case now before us, not only from the express words of the several orders and resolutions adopted by the governing authority of the Winston County School District, the Board of Trustees of Louisville Municipal Separate School District, and the Mississippi Educational Finance Commission, but also from their official acts and the procedures adopted and followed, that it was the intention of all of these authorities, without exception, to add the territory of Winston County School District to the Louisville Municipal Separate School District, under the provisions of Chapter 16, supra.
The legislature had the authority to make provision for different types of school districts, and it is no objection to the exercise of this power that such districts may fall within different categories with respect to their governance and the levy and collection of taxes for the operation of the district schools. It would defeat the express purpose and intent of all concerned to hold that, in accepting the addition of its territory at the request of the Winston County School District, the Board of Trustees of Louisville Municipal Separate School District abdicated, or surrendered, its authority to operate the school system -of the district. It follows that the school district now existing remains, as formerly, the Louisville Municipal Separate School District, the characteristics and attributes of which were not changed by acceptance of added territory, and that the assessment of property, within and without the boundaries of the municipality, and the levy and collection of taxes thereon for school purposes, is a function of the municipal authorities, rather than the Board of Supervisors of the county and the County Tax Assessor.
We do not think that this result does violence to any constitutional provision, either state or federal.
Appellant argues that Mississippi Constitution section 138 prohibits the assessment for taxation of property outside the municipality except by the county tax assessor, citing Adams, State Revenue Agent v. Tonella, 70 Miss. 701, 14 So. 17, 22 L.R.A. 346 (1893). We do not think that case is controlling here. The municipal authorities have been designated by the legislature to assess property for taxation within a municipal separate school district, and to collect taxes thereon for the special and limited purpose of supporting the district schools. This is not a matter of general taxation and is within the rule announced by this Court in Jones v. Belzoni Drainage District of Washington County, 102 Miss. 796, 59 So. 921 (1912) and Cox v. Wallace, 100 Miss. 525, 56 So. 461 (1911).
The legislature may provide a procedure for the addition of territory to an existing school district, without abolishing the existing district, or requiring it to surrender or abdicate its authority over the administration of its school system. The *304 procedure provided by Chapter 16, supra, and followed here, afforded ample opportunity to those concerned for protesting the proposed abolition of the county district and the adding of its territory to the existing municipal separate school district. The right of appeal was expressly preserved. There is also provided a procedure for a change in the composition of the Board of Trustees which might have been, but was not, adopted. There has been no violation here of the requirements of due process nor of any right to the equal protection of the law.
The assessment of the school district property, although outside the city, for municipal separate school district purposes, has long been recognized as a legitimate function of municipal authority under the Mississippi statutes.
The legislature manifestly intended to make a distinction between a municipal separate school district reconstituted with additional territory, not previously a part of the district, and one which had been reconstituted with the same territory as formerly, but which might afterward consent to have territory added under circumstances such as those in the present case. The intention and purpose of the governing authorities of Winston County School District, Louisville Municipal Separate School District and of the Mississippi Educational Finance Commission are manifest and unmistakable. The resulting district did not lose its identity or character as a municipal separate school district, as distinguished from a special municipal separate school district, and continued to have all of the statutory attributes and characteristics of that type of district.
The chancellor properly denied the injunction sought by appellant, and was also correct in issuing the injunction against appellants as prayed for in the cross-bill.
Affirmed.
ETHRIDGE, C. J., and GILLESPIE, JONES and ROBERTSON, JJ., concur,