546 So.2d 972 (1989)
MELODY MANOR CONVALESCENT CENTER
v.
MISSISSIPPI STATE DEPARTMENT OF HEALTH and Greene County Hospital and Extended Care Facility.
No. 58439.
Supreme Court of Mississippi.
June 28, 1989.
*973 Richard G. Cowart, Barry K. Cockrell, Watkins, Ludlam & Stennis, Jackson, for appellant.
Mike Moore, Atty. Gen. by Arthur C. Sharpe, Jr., Sp. Asst. Atty. Gen., Jackson, E. Fred Dobbins, Leakesville, for appellee.
Before DAN M. LEE, P.J., and ANDERSON and BLASS, JJ.
BLASS, Justice, for the court:
This is an appeal from a final judgment of the Chancery Court of the First Judicial District of Hinds County, Mississippi, affirming a Final Order of the Mississippi Department of Health granting a Certificate of Need to Greene County Hospital and Extended Care Facility.
The appellee, Greene County Hospital and Extended Care Facility, requested a Certificate of Need to expand its extended care facility from 24 beds to 60 beds. The appellant, Melody Manor Convalescent Center, is a nursing home located in Greene County, Mississippi, and is an "affected person" within the meaning of § 41-7-173(a) and § 41-7-197, Miss. Code Ann. (1972) as amended with respect to the issuance of the Certificate of Need.
The facts in this matter are relatively brief. In February of 1986, the Greene County Hospital and Extended Care Facility filed an application for the certificate with the Mississippi Health Care Commission.[1] In its application, Greene County Hospital showed a 100% occupancy in its extended care facility and a waiting list of 40 persons seeking admittance. Greene County Hospital was in bankruptcy and had sought and received authorization from the Bankruptcy Court to secure a construction loan for the new facilities from the FHA. The FHA subsequently approved the loan.
On June 19, 1986, the Mississippi Health Care Commission held a public hearing at which Greene County Hospital's application was reviewed. The Commission heard arguments by opponents and proponents of the application and ultimately gave its approval for a Certificate of Need for 36 additional beds for Green County Hospital's extended care facility. A proviso was included which deferred licensure of 10 of the 36 beds until such time as the State Health Plan reflected their need.
The appellant has assigned as error that the Mississippi Health Department did not follow the statute in issuing a Certificate of Need, § 41-7-191(2), Miss. Code Ann. (Supp. 1985), and that the Health Department's decision was not supported by substantial evidence. We conclude that the appellant's arguments are without merit. The record clearly reflects that the Health Department's predecessor, the Mississippi Health Care Commission, met and based its decision to grant the Certificate of Need to Greene County Hospital upon ample evidence and in substantial conformity with the appropriate statutory law.
The evidence presented to the Commission included an analysis of Health District VIII, in which Greene County Hospital is located, reflecting an existing need for 26 additional extended care beds. The Commission was advised of a waiting list of 40 persons for extended care beds at the Greene County Hospital facility. Furthermore, 6 health care professionals in the area expressed by letter their support for the additional beds at Greene County Hospital.
The conflicting evidence came primarily from the Commission's staff findings. The staff recommended against approval of the proposed Certificate. The Commission considered the staff's recommendation and decided to the contrary.
*974 Great deference is accorded to an administrative agency's construction of its own rules and regulations and the statutes under which it operates. See Briscoe v. Buzbee, 163 Miss. 574, 143 So. 407 (1932); Winston County v. Woodruff, 187 So.2d 299 (Miss. 1966); State Tax Commission v. Edmondson, 196 So.2d 873 (Miss. 1967); Grant Center Hosp. v. Health Groups, etc., 528 So.2d 804, 808 (Miss. 1988). The burden of proof rests with the party challenging the actions of an administrative agency. See Mississippi Hospital Association, Inc. v. Heckler, 701 F.2d 511 (5th Cir.1983). We have also held that we will not substitute our judgment for the judgment of an administrative agency when the action of the agency is not arbitrary or unreasonable, and when it is supported by substantial evidence. The only grounds for overturning administrative agency action by the appellate process is that the state agency has acted capriciously, unreasonably, arbitrarily; has abused its discretion or has violated a vested constitutional right of a party. See State Board of Psychological Examiners v. Coxe, 355 So.2d 669 (Miss. 1978); Mainstream Savings and Loan Association v. Washington Federal Savings and Loan Association, 325 So.2d 902 (Miss. 1976); First National Bank of Vicksburg v. Martin, 238 So.2d 856 (Miss. 1970); Eidt v. City of Natchez, 421 So.2d 1225 (Miss. 1982); City of Meridian v. Hill, 447 So.2d 641 (Miss. 1984).
We cannot say that the Health Department acted capriciously, unreasonably, or arbitrarily; nor has it abused its discretion or violated a vested constitutional right of a party.
Section 41-7-193(1), Miss. Code Ann. (Supp. 1985) states in pertinent part:
... A certificate of need shall not be granted or issued to any person for any proposal, cause or reason, unless the proposal has been reviewed for consistency with the specifications and the criteria established by the commission and substantially complies with the projection of need as reported in the state health plan in effect at the time the application for the proposal was submitted. (Emphasis added).
We find the Commission acted within its discretionary authority in issuing the Certificate of Need for 36 additional beds. Under § 41-7-191(2) Miss. Code Ann. (Supp. 1985), the Commission was authorized to approve the Certificate of Need for no more than 60 extended care beds provided the annual State Health Plan reflected a need for additional extended care beds.[2] At the time the hospital submitted its application for a Certificate the State Health Plan for Health District VIII, in which Greene County Hospital is located, indicated a need within that district of 26 additional beds. The chancellor below examined the findings of the Commission and, although concerned that the Commission's approval was a close one, determined that the Commission had ample evidence upon which to base its decision. He determined the Commission had properly interpreted the appropriate statutes and had not violated its statutory authority. Under our standard of review in this matter we cannot do otherwise than affirm.
AFFIRMED.
*975 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
PRATHER and PITTMAN, JJ., not participating.
NOTES
[1] Effective July 1, 1986, the powers and functions of the Mississippi Health Care Commission were transferred to the State Department of Health under the Mississippi Health Services Reorganization Act of 1986.
[2] Section 41-7-191(2), Miss. Code Ann. (Supp. 1985) states the following:

(2) The Mississippi Health Care Commission shall not, for a period of twelve (12) months from and after July 1, 1985, grant approval for or issue a certificate of need to any person proposing the new construction of, addition to or expansion of any health care facility defined in subparagraphs (iv), (vi) and (viii) of Section 41-7-173(h) nor to any hospital proposing the conversion of beds to a category required in such health care facility defined in subparagraphs (iv), (vi) and (viii) of Section 41-7-173(h). However, the commission may, if the State Health Plan reflects a need, issue a certificate of need to any such defined health care facility which has fewer than sixty (60) beds, for making additions to or expansion or replacement of the existing facility, in order to increase the number of its beds to not more than sixty (60) beds. If a nursing home has more than one (1) license to operate more than one (1) classification of nursing home beds, then the total number of beds shall be less than sixty (60) beds to qualify for the balance of a total of sixty (60) beds.