757 So.2d 1079 (2000)
MISSISSIPPI STATE BOARD OF EXAMINERS FOR SOCIAL WORKERS AND MARRIAGE AND FAMILY THERAPISTS, Appellant,
v.
Vanessa ANDERSON, Appellee.
Mississippi State Board of Examiners for Social Workers and Marriage and Family Therapists, Appellant,
v.
Doshua Perkins-Sanders, Dorothy Anthony, Betty B. Caldwell, Catrinna Y. McClain, Cheryl Mickens, Angela M. Holley & Lottie Scales, Appellees.
No. 1998-CC-01903-COA.
Court of Appeals of Mississippi.
May 9, 2000.
*1081 Office of the Attorney General by Steven R. Lawrence, Attorney for Appellant.
Willie James Perkins, Sr., Greenwood, Attorney for Appellee.
EN BANC.
KING, P.J., for the Court:
¶ 1. This is a consolidated appeal of the Circuit Court of the First Judicial District of Hinds County and the Holmes County Circuit Courts's review of a decision rendered by the Board of Examiners for Social Workers and Marriage and Family Therapists (Board of Examiners) concerning licensure of certain applicants for social worker. The decision of the Board of Examiners reviewed by the two circuit courts concerned the invalidation of the test scores on the February 18, 1995 Social Worker Licensure examination by the State Board of Health, the licensing authority at that time. The two circuit courts found that the decision of the Board of Examiners was not supported by substantial evidence, was arbitrary and capricious, and therefore reversed the decision of the Board of Examiners. The Board of Examiners timely perfected this appeal on December 4, 1998. Since the circuit courts both received factually similar briefs and both came to the same conclusion in these identical appeals, pursuant to the request of Board of Examiners, these cases were consolidated for appeal on June 29, 1999. Aggrieved by the circuit courts's reversal, the Board of Examiners argue that: (1) the circuit courts did not properly review the matter that was actually before the Board of Examiners; (2) the circuit courts, in their review of the Board of Examiner's proceeding, held the Board of Examiners to the wrong standards; (3) the circuit courts allowed the appellees to retry the entire matter anew on appeal; (4) the decision of the Board of Examiners was in fact based on substantial evidence, was not arbitrary or capricious and did not violate any of the statutory or constitutional rights of the appellees; and (5) the circuit courts did not have the authority to order the Board of Examiners to issue a license to the Appellees. Finding the circuit courts were correct in holding that the Board of Examiners acted in an arbitrary and capricious manner, we affirm.

FACTS
¶ 2. Vanessa D. Anderson, Dorothy Anthony, Betty B. Caldwell, Angela M. Holley, Catrinna Y. McClain, Cheryl Mickens, Doshua Perkins-Sanders, and Lottie Scales (Appellees) were all candidates for licensure from the State of Mississippi as social workers. The Appellees took the required examination for licensure administered by the Department of Health for the Mississippi State Board of Health[1] on February 18, 1995. After taking this *1082 exam, each Appellee received a notice of hearing from Rebecca Thames, Mississippi State Board of Health, "to show cause why your Social Work License should not be revoked." The notice further informed the Appellees that the Department suspected that they "were involved in an attempt to deceive the Department and unfairly circumvent the examination process. Specifically, you are accused of obtaining or receiving a copy and/or reviewing or discussing the contents of a copy of the February Examination prior to the administration of that exam." The initial hearing was scheduled during May 1995; however, Appellees were not afforded an opportunity for a hearing until November 20, 1997. This hearing was conducted after Appellees and two others initiated litigation, and pursuant to an injunction issued by Circuit Judge Swan Yerger in the Circuit Court of the First Judicial District of Hinds County, were granted an administrative hearing on the issue of licensure. On November 20, 1997, Appellees, along with two others, attended the scheduled hearing before the Board of Examiners.
¶ 3. During the hearing, only one witness, Ingrid Williams, Director of Bureau of Licensure, Mississippi State Department of Health, testified on behalf of the Board. Williams testified that she was unaware of any on-site problems during the day of the February 1995 exam. Williams admitted that she did not see any of the twenty-three suspects, nor Appellees, with a copy of the examination. Williams testified that she received information from Kay Covington, the social work program administrator at the Mississippi State Department of Health, that Covington had received a telephone call indicating that two or three people had copies of the exam prior to its administration and had used those copies to take the exam. Williams did not remember the names of the individuals who were implicated. Correspondence was exchanged between the American Association of State Social Work Boards (AASSWB) and the Mississippi Department of Health on this issue. Williams, who was neither a statistician nor a psychometrician, testified that she relied on the AASSWB to determine that the February 1995 scores were not reliable and accordingly determined that all February 1995 examinees would have to retake the exam.
¶ 4. All the Appellees testified and refuted any allegations, or innuendos, that they had a copy of the examination or studied or reviewed a copy of the examination or cheated on the February 1995 examination. All Appellees testified that they studied fervently before taking the examination.
¶ 5. The Board of Examiners determined by a majority vote, "that the Board of Health did not wrongfully refuse to accept the February 1995 passing test scores of the applicants and issue a license." The Board stated that the issue of cheating by anyone who took the examination in February 1995 was not considered in the Board's decision. The Board found that all the Appellees should be given ample opportunity to take and pass the examination; however, should the Appellees not accept this "option, existing law and regulations regarding the practice of social work would be procedurally ... invoked."
¶ 6. On February 9, 1998, Appellee Anderson appealed that decision to the Circuit Court of Holmes County, an identical appeal was flied by Appellees Anthony, Caldwell, McClain, and Perkins-Sanders to the Circuit Court of Leflore County, and a third identical appeal was filed by Appellees Holley, Mickens, and Scales in the Circuit Court of the First Judicial District of Hinds County. Circuit Judge Gray Evans transferred the Leflore County appeal to the Circuit Court of the First Judicial District of Hinds County where it was eventually consolidated with the other identical Hinds County appeal on August 10, 1998. Circuit Court Judge Jannie M. Lewis denied the request of the Board of Examiners to transfer the Holmes County appeal to Hinds County.
*1083 ¶ 7. After the August 10, 1998 consolidation of the two Hinds County cases, the Hinds County Appellees filed a September 30, 1998 injunction request to extend their provisional licenses until the Hinds County court could enter its ruling on the appeal. On October 5, 1998 that court granted the injunction. On December 31, 1998, the Hinds County court entered its ruling on the appeal.
¶ 8. The Hinds County Circuit Court found that the decision of the Board of Examiners was not supported by substantial evidence and was arbitrary and capricious. The court found that the record was devoid of any testimony of how twenty-three applicants became suspects and were investigated out of the total number of applicants who took the February 1995 examination. The Board's finding was inconclusive as to which of the applicants were actually involved in the alleged cheating incident. The court specifically found that the Board did not determine that the Appellees were involved with test cheating. During the hearing only one live witness testified on behalf of the Board of Examiners. Williams testified about the anonymous telephone call received by one of her co-workers. Also, Williams testified about action taken by her based upon letters she received from AASSWB. These letters were admitted into evidence, but the hearing officer specifically instructed the Board that the letters were not admitted to prove the truth of the contents or matters contained within the letters. The circuit court found that the Board of Examiners could not rely on the contents of the letters as substantial evidence to support its decision. The Board of Examiners was required to give a factual basis to support any contents of the letters. That proof was not provided.
¶ 9. The circuit court found that there was no evidence of a breach of security, cheating, or that the Appellees had a copy of the examination prior to the administration of the exam. The record was void of the examination and an analysis of the examination questions and the difficulty, if any in passing the examination. Moreover, the record was void of any analysis or evaluation of any nature of the Appellees's scores, or a comparison to show any abnormalities as alleged. There was no evidence in the record of any statistical analysis or evaluation of the February 1995 examination. The record was void of testimony of an expert witness or a psychometrician of any evidence concerning the validity and reliability of the Appellees's scores. There was no substantial analysis to show the chance that the Appellees's scores were not earned or that their scores were not reliable.
¶ 10. Based on the foregoing, the circuit court of Hinds County found that the decision of the Board of Examiners was arbitrary and capricious and therefore reversed that decision, and ordered that the Board of Examiners issue a permanent Social Work License to each party.
¶ 11. The Holmes County Circuit Court entered its order on September 30, 1998. The Board of Examiners filed a motion for additional findings which was granted and an amended opinion and order was entered on November 13, 1998. That opinion was basically identical to the Hinds County Circuit Court opinion in that it found that the Board of Examiners decision was arbitrary and capricious, was not supported by substantial evidence, and ordered the Board of Examiners to issue a permanent Social Worker License. The Holmes County Circuit Court also found that the Board of Examiners's decision violated the statutory and constitutional rights of the complaining party.

DISCUSSION

STANDARD OF REVIEW
¶ 12. "The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the *1084 aggrieved party." Mississippi State Bd. of Public Accountancy v. Gray, 674 So.2d 1251, 1253 (Miss.1996) (citing Sprouse v. Mississippi Employment Sec. Comm'n, 639 So.2d 901, 902 (Miss.1994); Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993); Melody Manor Convalescent Ctr. v. Mississippi State Dep't of Health, 546 So.2d 972, 974 (Miss. 1989)).

I.

THE CIRCUIT COURTS DID NOT PROPERLY REVIEW THE MATTER THAT WAS ACTUALLY BEFORE THE BOARD OF EXAMINERS
¶ 13. The Board of Examiners determined that the matters to be discussed at the hearing were: (1) whether the Board of Health wrongfully refused to accept the passing test scores of the applicants and issue a license, and (2) should the Board of Examiners now accept the passing test scores and license the applicants? The Board of Examiners now complains that both the Hinds County Circuit Court and the Holmes County Circuit Court acted improperly in considering matters outside these two issues.
¶ 14. The circuit court on appeal is limited to reviewing the administrative agency's decision to determine if the judgment: (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. Mississippi State Bd. of Nursing v. Wilson, 624 So.2d 485, 489 (Miss.1993) (citation omitted). "The only grounds for overturning administrative agency action by the appellate process is that the state agency has acted capriciously, unreasonably, arbitrarily; has abused its discretion or has violated a vested constitutional right of a party." Id. (citing Melody Manor Convalescent Ctr., 546 So.2d at 974).
¶ 15. The circuit courts are charged with the duty to review the record to determine whether there is substantial evidence to support the Board of Examiners's findings and these findings are not arbitrary or capricious. If the Board of Examiners's determination is to be upheld, it must survive a circuit court's scrutiny of whether its findings were supported by substantial evidence. To reach this conclusion, a circuit court must look at the full record before it. Substantial evidence means such relevant evidence as accepted as adequate to support a conclusion. While the circuit court performs limited appellate review, it is not relegated to wearing blinders. The court must determine if the evidence is legally adequate to support the lower body's factual findings. That is what the circuit court did in these cases, now consolidated on appeal. The circuit courts addressed the above mentioned issues in their review of the record and the ultimate inquiry of whether the decision of the Board of Examiners was arbitrary or capricious or unsupported by substantial evidence. We find no error in this process.

II.

THE CIRCUIT COURTS, IN REVIEWING THE BOARD OF EXAMINERS' PROCEEDINGS, HELD THE BOARD OF EXAMINERS TO THE WRONG STANDARDS.
¶ 16. The Board of Examiners argues that as an administrative agency it is not governed by the same rules by which courts of law are governed, the circuit courts in their "on the record" review reopened evidence matters and therefore applied the wrong standard and improperly substituted their judgment for that of the Board of Examiners. Specifically, the Board cites certain excerpts from the circuit courts's orders which state: "The evidence that the Board initially relied on was *1085 from an anonymous source with no indicia of reliability...." "During the hearing, only one live witness testified on behalf of the Board of Examiners...." "There is no evidence of a breach of security needless to say evidence of cheating...." These are a few of the examples cited by the Board of Examiners.
¶ 17. The Rules of Civil Procedure are inapplicable to administrative proceedings. Booth v. Mississippi Employment Sec. Comm'n, 588 So.2d 422, 427 (Miss. 1991). "Administrative bodies are not ordinarily bound to strict rules of evidence." New South Communications v. Answer Iowa, Inc., 490 So.2d 1225, 1227 (Miss. 1986) (citations omitted).
¶ 18. As previously noted, the Board of Examiners fails to appreciate the role of the circuit courts in their review to determine if the Board of Examiners's decision was based upon substantial evidence. Both circuit courts appreciated the fact that the Board of Examiners, during the hearing, did not have to adhere to Mississippi Rules of Evidence. During the hearing, hearsay after hearsay was admitted, including such instances as Williams testifying to what Kay Covington told her and what the letters from the AASSWB contained. Counsel for the Appellees strongly objected because of his inability to cross-examine anyone with regard to the letters and conversations Williams had. Neither circuit court found the admittance of hearsay to be error. What the circuit courts faulted the Board of Examiners for was the lack of any evidence, either hearsay or not, to support its decision to not allow the passing scores of the Appellees.
¶ 19. "[A]lthough an administrative agency may act upon information obtained by its own investigation, nevertheless where a hearing is required by law, administrative adjudication must be based upon evidence adduced at the hearing and not upon secret knowledge of the agency." Britton & Koontz First Nat'l Bank v. Biglane, 285 So.2d 181, 185 (Miss.1973). A sanction may not be affirmed except on consideration of the whole record and when supported by reliable, probative, and substantial evidence. We find that the circuit courts properly reviewed the evidence, before them.

III.

THE CIRCUIT COURTS ALLOWED THE APPELLEES TO RETRY THE ENTIRE MATTER ANEW ON APPEAL.
¶ 20. This assignment of error merely continues the complaint of the Board of Examiners that the circuit courts's reviews were too broad in scope. It states that the circuit courts's de novo review, even if called an "on the record" review, was improper. As stated above, the circuit courts reviewed the entire record to determine whether the decision of the Board of Examiners was supported by substantial evidence. Based on the evidence presented to the Board, the circuit courts found that the Board of Examiners acted arbitrarily and capriciously. This Court finds no error in this process.

IV.

THE DECISION OF THE BOARD OF EXAMINERS WAS IN FACT BASED ON SUBSTANTIAL EVIDENCE, WAS NOT ARBITRARY OR CAPRICIOUS AND DID NOT VIOLATE ANY OF THE STATUTORY OR CONSTITUTIONAL RIGHTS OF THE APPELLEES.
¶ 21. The Board of Examiners opines that its decision was based upon substantial evidence. It states, "This was done through the testimony of Ingrid Williams." The Board of Examiners goes on to argue that its decision was neither arbitrary nor capricious because it heard eleven witnesses, received thirty-three pages of exhibits, in a hearing that lasted from mid-morning until late in the afternoon.
*1086 ¶ 22. The Mississippi Supreme Court has defined substantial evidence as evidence that is "more than a scintilla; it must do more than create a suspicion, especially where the proof must show bad faith." Mississippi Real Estate Comm'n v. Anding, 732 So.2d 192(¶ 13) (Miss.1999) (quoting Mississippi Real Estate Comm'n v. Ryan, 248 So.2d 790, 794 (Miss.1971) (citing 2 AM.JUR.2D Administrative Law § 688 at 572 (1962) Although the Mississippi Supreme Court was discussing the issues before the Real Estate Commission, the Anding case is applicable in its discussion of the proof necessary when dealing with an administrative agency. The Mississippi Supreme Court held that on a license revocation under a charge of bad faith, dishonesty, fraudulent or improper dealings, the proof need not be beyond a reasonable doubt, but "the testimony must clearly establish the guilt of the respondent." Anding, 732 So.2d 192 at 197(¶ 13) (citations omitted). "Proof of surmise, conjecture, speculation or suspicion is not sufficient." Id. (citations omitted).
¶ 23. As the circuit courts found, there is no substantial evidence in the record to support the Board of Examiners's conclusion to deprive the Appellees of their passing scores. The Board of Examiners found that based on the testimony given by Williams "there appeared to be sufficient reason to conclude that the integrity of the examination had been compromised as a result of a breach of security." Yet, there was no evidence presented at the hearing which established a breach of security. In addition, there was no evidence that Appellees had a copy of the examination prior to its administration, and the record was void of any evaluation of the Appellees's scores. Furthermore, there was no evidence of any statistical analysis or evaluation of the examination, and there was no evidence concerning the probability that the Appellees's scores were not earned or that their scores were not reliable.
¶ 24. The evidence before the Board of Examiners was that of one witness, Williams. She testified that an anonymous person called Kay Covington and told her that two to three people had copies of the February 1995 examination before its administration. Williams was unable to remember the names of the individuals who were implicated. She was not present when the examination was taken, nor did not she see any person with a copy of the examination prior to its being given. Williams contacted the AASSWB regarding the allegation of cheating. She testified that she was neither a statistician nor a psychometrician, and depended on the AASSWB to determine that the February 1995 scores were not reliable. The Board of Examiners allowed the letters from AASSWB to be read, but with the understanding that the contents of the letters were not introduced to prove the information contained therein, but merely to show why Williams decided to invalidate the examinations. The Board specifically stated that "the issue of alleged cheating by anyone who took the examination in February of 1995 was not considered in the Board's decision."
¶ 25. The Board of Examiners had evidence of an anonymous phone call reporting that two or three people had the examination prior to its administration and Williams corresponding with the AASSWB to determine that the examination was invalid. There simply is no evidence in the record to indicate that the Board rightly refused to accept the passing test scores of the Appellees and issue to each a license. Substantial evidence is much more than conjecture, speculation, or suspicion.
¶ 26. The Board of Examiners argues that the constitutional and statutory rights of the Appellees were not violated. Only the Holmes County Circuit Court found a violation of constitutional and statutory rights. The Holmes County Circuit Court found that the Board of Examiners had no intention of granting Anderson an administrative hearing until ordered to do so by Circuit Judge Swan Yerger on October 7, *1087 1997. This hearing was held over two and a half years after the license revocation and show cause notice for May 22, 1995. The Holmes County Circuit Court found that the conduct of the Board of Examiners constituted a violation of Anderson's statutory and constitutional right to a due process hearing.
¶ 27. The Circuit Court of Hinds County stated in its opinion that it found it unnecessary to determine whether the Appellees statutory or constitutional rights were violated, but the record raised serious concerns regarding the failure to provide a timely due process hearing. We agree with the Hinds County Circuit Court. Since we concur that the decision of the Board of Examiners was arbitrary, capricious, and not supported by substantial evidence, we affirm the trial courts in this regard. This Court, like both trial courts, is concerned about the length of time, two and a half years, between the notice of revocation and the administrative hearing,which was conducted only after judicial intervention was sought. We find it unnecessary to address the possible statutory or constitutional violations here.

V.

THE CIRCUIT COURTS DID NOT HAVE THE AUTHORITY TO ORDER THE BOARD OF EXAMINERS TO ISSUE A LICENSE TO THE APPELLEES.
¶ 28. Lastly, the Board of Examiners argues that it is not within the authority of the circuit court to reinstate the Appellees's licenses and the matter should be remanded back to the Board for appropriate action by them. We recognize that there have been cases in which the Mississippi Supreme Court has remanded an administrative decision instead of reinstating the litigants's license. See Mississippi State Bd. of Nursing v. Wilson, 624 So.2d 485 (Miss.1993); Mississippi Real Estate Comm'n v. White, 586 So.2d 805 (Miss. 1991).
¶ 29. In Wilson, the Court concluded that nothing in the record indicated that the Board of Nursing found Wilson guilty of all three charges. Wilson, 624 So.2d at 493. Nor did the record indicate that the revocation of Wilson's license was dependent upon a guilty finding on all charges. Therefore, the Court reversed the chancellor's decision to reinstate Wilson's nursing license and remanded for the Board of Nursing to determine whether it would order revocation of Wilson's license or some lesser penalty based on the remaining charges. Id. In White, the Court reversed the Real Estate Commission's findings that White had offended statutory law, but was unable to determine what the Commission's decision would have been had it properly applied the rules of law articulated in the decision. White, 586 So.2d at 811. The Court remanded for further proceedings not inconsistent with the opinion. Id., Both of these cases differ from our situation here. In Wilson and White, both Appellees had been granted their license, but later had it revoked. In short, there may have been an alternative to revoking or reinstating the license. Such is not the case here. We find that the Board of Examiners wrongfully denied the Appellees their passing scores on the February 1995 examination. Accordingly, reinstatement is the only remedy.
¶ 30. We affirm both circuit courts's conclusions that the Board of Examiners decision in this matter was arbitrary, capricious, and unsupported by substantial evidence.
¶ 31. THE JUDGMENTS OF THE FIRST JUDICIAL DISTRICT CIRCUIT COURT CIRCUIT COURT ARE AFFIRMED. ALL COSTS OF THESE APPEALS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] At the time of the administration of the February 1995 examination, the Mississippi State Board of Health had authority and jurisdiction over licensure of Social Workers. The Mississippi Legislature passed a law amending Miss.Code Ann. § 73-53-8 (Rev.1995), effective July 1, 1997, creating the Board of Examiners for Social Workers and Marriage and Family Therapists and vesting in it the authority to approve, oversee, and be responsible for all examinations for licensing of social workers.