# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CC-01450-SCT

*JACKSON HMA, INC., d/b/a CENTRAL MISSISSIPPI MEDICAL CENTER AND RIVER OAKS HOSPITAL, INC., d/b/a RIVER OAKS HOSPITAL*

*v.*

*MISSISSIPPI STATE DEPARTMENT OF HEALTH AND ST. DOMINIC-JACKSON MEMORIAL HOSPITAL*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/20/2001 |
| TRIAL JUDGE: | HON. WILLIAM HALE SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | MICHAEL R. HESS |
| | BARRY K. COCKRELL |
| ATTORNEYS FOR APPELLEES: | EDMUND L. BRUNINI |
| | ELLEN Y. DALE O'NEAL |
| | KATHRYN RUSSELL GILCHRIST |
| | WHITNEY MORGAN STONE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 07/25/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/15/2002 |

**BEFORE SMITH, P.J., CARLSON AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on appeal from a judgment of the Chancery Court of the First Judicial District of Hinds County affirming the Mississippi State Department of Health's decision to grant a certificate of need to St. Dominic-Jackson Memorial Hospital for construction of a 176,000 square foot medical office building on the North Campus of St. Dominic Hospital in the City of Jackson. Finding no reversible error, we affirm the judgment below.

## FACTS

¶2. On August 31, 2000, St. Dominic-Jackson Memorial Hospital ("St. Dominic") filed a Certificate of Need ("CON") application seeking approval from the Mississippi State Department of Health ("MSDH")

of its proposal to construct a 176,000 square foot Medical Office Building ("MOB") on its current North Campus in the City of Jackson. St. Dominic sought approval for a total capital expenditure of $35,838, 794.00 for construction of the new building. As the basis for the CON, St. Dominic stated that it was without any additional office space for new tenants or for expansion of the practices of the existing tenants and that the configuration of its campus is congested and does not allow for ease of physical access by patients to the services offered by the hospital. St. Dominic sought to remedy those concerns through the construction of the proposed MOB. The entire project is to be financed with funds obtained from St. Dominic's corporate sponsor, St. Dominic Health Services.

¶3. In accordance with Miss. Code Ann. § 41-7-191(1)(f) (2001), MSDH reviewed the application for compliance with the State Health Plan ("SHP") and the Mississippi Certificate of Need Manual. Approval of the application was recommended by MSDH based on a staff analysis which concluded that the project was in substantial compliance with the overall objectives of the 1999 SHP and the General Review Criteria as set forth in the Mississippi CON Review Manual. Jackson HMA, Inc., d/b/a Central Mississippi Medical Center ("CMMC"); River Oaks Hospital, Inc., d/b/a River Oaks Hospital ("River Oaks"); and Surgicare of Jackson, Ltd. d/b/a HealthSouth Surgicare of Jackson ("Surgicare") opposed the application and requested a public hearing pursuant to Miss. Code Ann. § 41-7-197(2).

¶4. A hearing was held on January 29 and 30, 2001. The Hearing Officer recommended approval for the CON, and the State Health Officer adopted the recommendation on April 26, 2001. CMMC, River Oaks and Surgicare appealed the decision to the chancery court. The chancellor affirmed the decision. CMMC and River Oaks timely filed the instant appeal to this Court.

## STANDARD OF REVIEW

¶5. A State Hearing Officer's CON order is subject to judicial review, but that review is limited by statute, which provides in part:

> The order shall not be vacated or set aside, either in whole or in part, except for errors of law, unless the court finds that the order of the State Department of Health is not supported by substantial evidence, is contrary to the manifest weight of the evidence, is in excess of the statutory authority or jurisdiction of the State Department of Health, or violates any vested constitutional rights of any party involved in the appeal....

Miss. Code Ann. § 41-7-201(2)(f) (2001). Decisions of administrative agencies are given great deference. *Delta Reg'l Med. Ctr. v. Miss. State Dep't of Health*, 759 So.2d 1174, 1176 (Miss. 2000) (citing *Melody Manor Convalescent Ctr. v. Miss. State Dep't. of Health*., 546 So.2d 972, 974 (Miss. 1989)) . The burden of proof rests on the challenging party to prove that MSDH erred. *Id.*

## DISCUSSION

¶6. The two issues presented for this Court's review are (1) whether MSDH erred in failing to analyze whether the CON application complied with the standards and criteria applicable to the offering of ambulatory surgery services and (2) whether St. Dominic presented substantial evidence to justify and show need for the construction of the proposed project.

### I.

¶7. In its CON application, St. Dominic indicated that one of the tenants of the proposed MOB will likely be the independently operated St. Dominic Ambulatory Surgery Center ("ASC") which is currently located on the first floor of the west tower of St. Dominic. St. Dominic stated that the ability to relocate some of the outpatient services to the proposed new medical office building would ease some of the patient traffic and help alleviate the congestion problem.

¶8. CMMC and River Oaks suggest that the ASC will be "relocating" and therefore argue that the CON application should address the specific criteria applicable to the establishment or expansion of an ambulatory surgery center. They specifically point out that CON applications for the construction of a medical office building in excess of the capital expenditure threshold of $2.0 million, are subject to review in accordance with Miss. Code Ann. § 41-7-191, as well as duly adopted rules, procedures, plans, criteria and standard of the MSDH. They point out that $2,479,740 of the approximate $35 million total expenditure will be spent on construction of 17,000 square feet of space for the benefit of relocating the ASC. Although they acknowledge that the expenditure is being made by St. Dominic, they argue that the expense is necessary for the ASC to relocate to the new building.

¶9. St. Dominic admits that "one of the needs which justify the proposed MOB is that the ASC, like numerous other current St. Dominic tenants, needs additional office space." However, St. Dominic argues that the specific standards and criteria applicable to ASC's do not apply in this instance. Specifically, St. Dominic argues that it simply proposes to build a new medical office building. There is no proposed establishment of a new service, no expansion of the ASC, nor any proposed relocation of the ASC which would require CON review. The ASC is operated and managed independently from the hospital and is simply a tenant in its present location on St. Dominic's campus. As a tenant, ASC leases space from St. Dominic and pays fair market value for that leased space. If and when the MOB is built, the ASC intends to lease space there as well as various other tenants, all of whom will be required to execute leases and pay a negotiated fair market value for their respective leaseholds. Although ASC has indicated an intent to lease space in the new MOB, there is no obligation on the part of the ASC to do so. If or when ASC moves to the new MOB, the change in ASC's location will not require CON approval according to the CON Review Manual which states that the MSDH shall require CON approval for:

> [t]he relocation of a health care facility or portion thereof, or major medical equipment unless such relocation of a health care facility or portion thereof, or major medical equipment, which does not involve a capital expenditure by or on behalf of a health care facility, is within one thousand three hundred twenty (1,320) feet from the main entrance of the health care facility.

Certificate of Need Review Manual 20 (May 13, 2000). The site of the new MOB, and possible relocation of the ASC, falls within the 1,320 foot distance parameter specified by the CON manual.

¶10. Accordingly, MSDH did not err in failing to analyze whether the application complied with the standards and criteria applicable to the offering of ambulatory surgery services. As the chancellor ably expressed in his opinion, "it is beyond the legal authority of the Court to determine whether there is a need for a given health service by an applicant seeking a CON. Instead, it is the Court's role to determine whether there is substantial evidence to support the decision of the MSDH." See *Grant Ctr. Hosp. of Miss. Inc v. Health Group of Jackson, Miss., Inc.,* 528 So.2d 804, 808 (Miss. 1988). First and foremost, as acknowledged by CMMC and River Oaks, the rules and regulations do not contain service-specific criteria and standards applicable to the review of the construction of a medical office building.

Considering the evidence and the argument of counsel, MSDH was apparently persuaded by the arguments advanced by St. Dominic and determined that St. Dominic "[was] not required to show that the ASC complie[d] with the Criterion and Standards for ambulatory surgery services...." Therefore, MSDH reviewed the CON application for compliance with the general criteria contained in the Certificate of Need Review Manual and the 1999 State Health Plan. As a result, MSDH determined that St. Dominic demonstrated a need for additional office space on its campus and that the proposed MOB met the primary goals of the certificate of need laws as stated in the 1999 State Health Plan and also complied with the General Review Criteria as set forth in the Certificate of Need Manual. There is substantial evidence in the record to support MSDH's decision. Therefore, on to this issue, CMMC and River Oaks fail to carry their burden of proving that MSDH erred.

## II.

¶11. Although CMMC and River Oaks concede that St. Dominic has a need to reduce certain areas of congestion, ease traffic flow, and provide additional physician office space accessible to the hospital, they argue that substantial evidence was not presented to justify a capital expenditure of nearly $35 million for the proposed project.

¶12. As previously indicated, it is not the responsibility of this Court to determine whether St. Dominic has proven a need for a $35 million MOB. Instead, it is the responsibility of this Court to determine whether MSDH's decision that St. Dominic has proven a need for the $35 million MOB is reversible under Mississippi law. The 1999 State Health Plan provides that the four primary goals underlying Mississippi's Certificate of Need laws are: (1) to improve the health of Mississippi residents, (2) to increase the accessibility, acceptability, continuity and quality of health services, (3) to prevent unnecessary duplication of health resources, and (4) to provide some cost containment. MSDH's order approving the CON addressed all of these above-stated goals. MSDH determined that St. Dominic demonstrated that a new MOB would allow for ease of traffic and parking congestion at the current location. Furthermore, MSDH found it to be cost effective to plan to build a facility larger than what was required to satisfy the immediate known need for additional space. This was supported by evidence that St. Dominic is landlocked and following construction of the proposed MOB, no additional space will be available that allows for direct access to the existing facilities. Testimony was also presented that constructing a smaller facility to meet current demands and subsequently adding to it to meet future demands for space runs contrary to the goal of cost containment. Inasmuch as the proposed project is based on long-range need projections, MSDH determined that the projected cost is justified.

¶13. Since MSDH weighed and considered all factors under the 1999 State Health Plan and the CON Review Manual general criteria, MSDH's decision was not arbitrary or capricious, and it was supported by substantial evidence. Thus, this argument is without merit.

## CONCLUSION

¶14. The MSDH decision, finding that the proposed medical office building is needed and the CON application satisfies all applicable general review considerations, was not arbitrary or capricious. Furthermore, this Court finds that the MSDH order was supported by substantial evidence, was not contrary to the manifest weight of the evidence, was not in excess of the statutory authority or jurisdiction of the MSDH, and did not violate any vested constitutional rights of any party involved in the appeal. Therefore, the judgment of the chancery court upholding the decision of the MSDH is affirmed.

¶15. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ, EASLEY, AND CARLSON, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**